IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN COGGIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: **2:05-cv-1214-F** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, answers Plaintiff's Complaint as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

**SECOND DEFENSE**

This Court lacks subject-matter jurisdiction.

**THIRD DEFENSE**

Defendant denies that it breached any duty of care owed to Plaintiff.

**FOURTH DEFENSE**

Defendant denies that Plaintiff suffered any personal injury caused or exacerbated by any negligent or wrongful act or omission of any employee of the Government acting within the scope of his/her employment.

**FIFTH DEFENSE**

The conduct of Defendant complied with all applicable medical standards of care.

**SIXTH DEFENSE**

Contributory negligence.

**SEVENTH DEFENSE**

Sovereign immunity.

**EIGHTH DEFENSE**

The United States is not responsible for the allegedly negligent acts or omissions of its contractors.

**NINTH DEFENSE**

Insufficiency of service of process.

**TENTH DEFENSE**

Defendant reserves the right to assert further affirmative defenses, as they become evident through discovery or investigation.

## ELEVENTH DEFENSE

NOW, having set forth certain of its defenses herein, Defendant responds to the numbered paragraphs of Plaintiff's Complaint as follows:

1. Defendant admits paragraph 1.

2. Defendant is without knowledge or information sufficient to admit or deny paragraph 2.

3. Defendant admits that Plaintiff was incarcerated at Federal Prison Camp (FPC) Montgomery located on Maxwell Air Force Base and that he received medical care while incarcerated.

4. Defendant denies the allegations contained in paragraph 4.

5. Defendant admits that Plaintiff filed an administrative claim on or about January 9, 2003, and that the Bureau of Prisons (BOP) denied that claim on or about August 31, 2005.

6. Defendant admits that Plaintiff was an attorney who was convicted of bankruptcy fraud and that he served a federal sentence at FPC Montgomery that began on or about August 26, 1999. The Defendant denies all other allegations contained in paragraph 6.

7. Defendant denies the allegations contained in paragraph 7.

8. Defendant denies the allegations contained in paragraph 8.

9. Defendant denies the allegations contained in paragraph 9.

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant admits that Plaintiff was sent for an ultrasound on or about July 30, 2001, and received additional tests and x-rays on or about August 1, 2001. Defendant denies all other allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant admits that plaintiff reported to the Health Services Department on or about August 22, 2001. Defendant denies all other allegations contained in paragraph 16.

17. Defendant admits that Plaintiff reported to the Health Services Department on or about August 22, 2001. Defendant denies all other allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant admits that plaintiff was seen by Ms. Little. Defendant denies all other allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant admits that plaintiff was examined by Dr. Garcia on or about August 27, 2001, and that he was referred to a surgeon. Defendant denies all other allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant admits that plaintiff was seen by Dr. Williams on or about August 29, 2001. Defendant denies all other allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

33. At this time, Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant denies the allegations contained in paragraph 37.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant admits that Plaintiff was taken to the hospital on or about September 2, 2001. Defendant denies all other allegations contained in paragraph 40.

41. Defendant denies all allegations contained in paragraph 41 and its subparts.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43 and its subparts.

Answering the unnumbered Wherefore paragraph which immediately follows Paragraph 43 of the Complaint, Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant.

WHEREFORE, having fully answered the allegations in Plaintiffs' Complaint, Defendant requests that the Court enter an Order dismissing the Complaint in its entirety, with prejudice; award Defendant costs and expenses, and award any and all other relief that this Court may deem necessary and proper.

Respectfully submitted this 30th day of March, 2006.

                              LEURA G. CANARY
                              United States Attorney

By:  s/Stephen M. Doyle
      STEPHEN M. DOYLE
      Chief, Civil Division
      Assistant United States Attorney
      Post Office Box 197
      Montgomery, AL  36101-0197
      District of Columbia Bar No. 422474
      Telephone No.: (334) 223-7280
      Facsimile No.: (334) 223-7418
      E-mail:  stephen.doyle@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Julia T. Cochrun, Esq.

                              s/Stephen M. Doyle
                              Assistant United States Attorney