IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN COGGIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: **2:05-CV-1214-MEF** |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES'
MOTION *IN LIMINE* TO EXCLUDE TRIAL TESTIMONY
BY PLAINTIFF'S THREE RETAINED MEDICAL EXPERTS**

**INTRODUCTION**

This is a medical malpractice action arising from medical care that plaintiff, John Coggin, received while a prisoner at the Federal Prison Camp (FPC) at Maxwell Air Force Base in 2001. Plaintiff has hired three medical experts: Phillip D. Smith, MD; Joseph E. Paris, MD; and Raymond P. Mooney, PA-C, to all testify at trial concerning the alleged breach of the standard of care. *See,* DEX 1, Pl's Witness List at 3; DEX 2, Pl's Rule 26 (a)(2) disclosure of expert testimony at 7. The Court should not allow these three retained experts to all testify at trial because (1) they are not similarly situated to Orencio Garcia-Brenes, MD, (Dr. Garcia) as required by § 6-5-548 (e) of the Alabama Medical Liability Act (AMLA), and (2) the presentation of three retained medical experts is needlessly cumulative and prejudicial to the United States. *See*, Fed. R. Evid. 403.

# ARGUMENT

## I. Plaintiff's Medical Experts are Not Similarly Situated to Dr. Garcia.

Neither Dr. Smith, Dr. Paris, nor Physician's Assistant Mooney should be permitted to testify against Dr. Garcia at trial. This malpractice action is brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 (b); 2671-2680. Under the FTCA, the United States is liable to the same extent as a private person "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346 (b). *See also*, *FDIC v. Meyer*, 510 U.S. 471, 479 (1994)(holding that "we have consistently held that § 1346 (b)'s reference to the 'law of the place' means the law of the State - the source of substantive liability under the FTCA"). Accordingly, this FTCA malpractice action is governed by the Alabama Medical Liability Act, Ala. Code §§ 6-5-480 - 6-5-488 (2007), and the Alabama Medical Liability Act of 1987, Ala. Code §§ 6-5-540 - 6-5-552 (2007)(collectively "AMLA").

Section 6-5-548 (a) of the AMLA establishes that "plaintiff shall have the burden of proving by substantial evidence that the health care provider failed to exercise such reasonable care, skill, and diligence **as other similarly situated health care providers in the same general line of practice** ordinarily have and exercise in a like case." Ala. Code § 6-5-548 (a) (emphasis added). Ordinarily, "the plaintiff is required to produce expert medical testimony to establish the applicable standard of care and a breach of that standard of care in order to satisfy the plaintiff's burden of proof." *Anderson v. Alabama*

*Reference Labs.*, 778 So.2d 806, 811 (Ala. 2000). Section 548 (e) of the AMLA provides that only a "similarly situated health care provider" may testify against another health care provider as an expert witness. Ala. Code § 6-5-548 (e). The term "similarly situated health care provider" is defined in §§ 6-5-548 (b) & (c). Section 6-5-548 (c) controls specialists, and § 6-5-548 (b) controls non-specialists.

Doctor Garcia is a general practitioner (GP) practicing full-time in a primary care clinic. DEX 3, Garcia Dep. at p. 18, Ln. 19-22; p. 29, Ln. 17-25; p. 30 Ln. 1-4; His discipline or school of practice is primary care medicine. *Id.* He is not board certified as a specialist, is not trained and experienced in a medical specialty, and does not hold himself out as a specialist. *Id.* at p. 18, Ln. 19-22. Accordingly, to be considered a "similarly situated health care provider," an expert testifying against Dr. Garcia must (1) be licensed by the appropriate regulatory board or agency of Alabama or some other state, (2) be trained and experienced in primary care medicine, the same discipline or school of practice as Dr. Garcia, and (3) have practiced as a primary care physician during the year preceding the date that the alleged breach of the standard of care occurred. Ala. Code § 6-5-548 (b). None of plaintiff's disclosed medical experts satisfy these criteria.

Plaintiff's first expert, Phillip D. Smith, MD, is a professor of medicine and microbiology in the division of gastroenterology and hepatology at the University of Alabama at Birmingham (UAB). DEX 4, Smith CV at 751. He is the Director of UAB's Mucosal HIV and Immunobiology Center and is a Senior Scientist with UAB's Center for

AIDS Research and UAB's Comprehensive Cancer Center. *Id.* Prior to joining UAB's faculty in 1993, he was a research scientist at the National Institute of Health from 1983-1992. *Id.* Although Dr. Smith's credentials as a scientist are certainly impressive, he is clearly not similarly situated to Dr. Garcia.

Doctor Smith is licensed to practice medicine in Alabama and California, so he satisfies § 6-5-548 (b)(1). However, he is not trained and experienced as a primary care physician, and he has never practiced as a primary care physician. *See*, Ala. Code 6-5-548 (b)(2) & (b)(3). Doctor Smith's entire career has been spent in cutting-edge scientific research and academic medicine. DEX 4, Smith CV. He is board certified in gastroenterology and internal medicine. *Id.* Although he moonlighted as an emergency room physician prior to joining UAB's faculty in 1993, he has never worked as a primary care physician and admitted in his deposition that a primary care physician would not be expected to have his level of expertise in gastroenterology. *Id.* at 751-52; DEX 5, Smith Dep. at pp. 34 Ln. 9-25, 35 Ln.1-25, 36 Ln. 1-5; 37 Ln. 21-25.

Moreover in 2000-2001, the year preceding the date that the alleged breach of the standard of care occurred here, Dr. Smith was on sabbatical in Paris, France, with the Cell Biology Section of INSERM, the French National Institute for Health and Medical Research DEX 4, Smith CV at 750, 752; DEX 5, Smith Dep. at pp. 28 Ln 15-25, 29 Ln 1-25, 30 Ln. 1-2. Doctor Smith admitted that he did not see any patients while on this full-year sabbatical in France. *Id.* at pp. 29 Ln 23-25, 30 Ln. 1-2. For all of these reasons, Dr.

Smith is not similarly situated to Dr. Garcia and should not be permitted to testify against him at trial. *See*, *Tuck v. Health Care Authority of the City of Huntsville*, 851 So.2d 498, 502-04 (Ala. 2002)(holding that professor of nursing at Georgia State University was not similarly situated to hospital staff nurses and could not testify as an expert against them); *Anderson*, 778 So.2d at 811-13 (holding that professor at Univ. of Tenn. not similarly situated under Ala. Code § 6-5-548 (b) because she did not have recent training or experience in the specific field at issue); *Springhill Hospitals v. Dixon*, 883 So.2d 159, 162 (Ala. 2003)(holding that registered nurses who lacked experience in operating room could not testify against surgical nurse).

Plaintiff's second medical expert, Joseph E. Paris, PhD, MD, is also not similarly situated to Dr. Garcia. Doctor Paris is board certified in Internal Medicine. DEX 6, Paris CV at 790. Therefore, he is not a general practitioner by training. Moreover, all of Dr. Paris's relevant recent experience is as a senior manager for the Georgia Department of Corrections, not actually practicing as a primary care physician examining patients full-time like Dr. Garcia.

Doctor Paris retired as the Medical Director of the Georgia Department of Corrections in 2005. DEX 6, Paris CV at 791. He was Medical Director from 1996-2005 and held this position during the year preceding the date that the alleged breach of the standard of care occurred here. *Id.* Doctor Paris's duties as Medical Director for the

5

Georgia Department of Corrections were markedly different from Dr. Garcia's duties as a general practitioner practicing full-time in a primary care clinic.

As Medical Director, Dr. Paris was responsible for approximately 45,000 inmates in over 100 penal institutions. DEX 7, Paris Dep. at pp. 10 Ln. 18-25, 11 Ln 1-25, 12 Ln.1-13. Each Georgia penal institution has its own primary care clinic and the Department maintains a prison hospital in Atlanta. *Id.* at p. 15 Ln. 10-18. Doctor Paris oversaw all of these medical facilities and supervised approximately 46 full-time physicians and a similar number of physician's assistants and nurse practitioners across the entire State of Georgia. *Id*. at pp. 10 Ln. 22-25, 11 Ln. 1-25, 12 Ln 1-13. He testified that he was ultimately responsible for

> insuring that all Georgia state inmates receive comprehensive constitutional healthcare which meant personally seeing the most difficult cases, hiring and firing, quality [assurance], managing all the physicians, physician assistants and nurse practitioners, producing all the state policy for what medical care will entail, personally conducting the visits to institutions, performing audits to insure that the healthcare was meeting standards at all points and a number of one or more visits per institution per year for over 100 total institutions. The performance of peer review on mortality reviews, the writing all the policies, the teaching of education sessions for the physicians and other practitioners three or four times a year and ultimately, the advising of a commissioner for corrections on matters of medical policy, budgets, projections on future expenses and needs.

DEX 7, Paris Dep. at pp. 10 Ln. 22-25; 11 Ln. 1-25. Doctor Paris did not have regular clinical hours as Medical Director. *Id.* at 13, Ln. 20-25. Rather, he saw "the most difficult" patients on an ad hoc basis depending on the needs of the institution he was visiting. *Id.* Dr. Paris was certainly not practicing as a primary care physician during the

year preceding the alleged malpractice here. Accordingly, he is not similarly situated to Dr. Garcia and should not be permitted to testify against him at trial.

Plaintiffs third retained medical expert is physician's assistant (PA) Raymond P. Mooney. *See,* Pl's Rule 26 (a)(2) disclosure of expert testimony. It is unclear why plaintiff has retained a physician's assistant as a medical expert. Mr. Mooney admits that there is not an independent physician's assistant standard of care. DEX 8, Mooney Dep. at 60 Ln. 23-25. He also admits that Dr. Garcia was responsible for the adequacy of Mr. Coggin's care and that Dr. Garcia was responsible for ensuring that the standard of care was satisfied. *Id.* at 64-65 Ln. 15-25, 1-4. Finally, Mr. Mooney admits that he cannot render an opinion on whether Dr. Garcia met the standard of care. *Id.* at 65, Ln. 6-8. *See also, Id.* at 58, Ln. 11-16. Accordingly, Mr. Mooney should not be permitted to testify at trial concerning the standard of care because he is not similarly situated to Dr. Garcia.

    **II.**    **Plaintiff's Three Retained Medical Experts are Needlessly Cumulative.**

If the Court determines that plaintiff's experts are all sufficiently similar to Dr. Garcia to testify against him at trial, the needless presentation of three cumulative medical experts should not be allowed. Federal Rule of Evidence 403 provides that: "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of **undue delay, waste of time, or needless presentation of cumulative evidence.**" Fed. R. Evid. 403 (emphasis added). Exclusion of evidence under Rule 403

is committed to the sound discretion of the trial Court and may only be reversed for abuse of discretion. *United States v. Frazier*, 387 F.3d 1244, 1263 (11th Cir. 2004).

The Court of Appeals teaches that otherwise admissible expert opinions may be excluded by applying Rule 403, and that the District Court "exercises more control over experts than over lay witnesses." *Id.* (internal quotes and citation omitted). **"Exclusion under Rule 403 is appropriate . . . if the expert testimony is cumulative or needlessly time consuming**." *Id.* (emphasis added). *See also, Tran v. Toyota Motor Corp.*, 420 F.3d 1310, 1315-16 (11th Cir. 2005)(affirming exclusion of cumulative expert testimony). Moreover, because "expert testimony may be assigned talismanic significance . . . the district courts must take care to weigh the value of such evidence against its potential to mislead or confuse." *Frazier*, 387 F.3d at 1263.

Plaintiff's medical experts in this malpractice case are by definition cumulative. As is shown above, the AMLA requires an expert witness to be "similarly situated" to the doctor who is alleged to have violated the standard of care. Ala. Code § 6-5-548 (e). If Dr. Smith, Dr. Paris, and Mr. Mooney are all similarly situated to Dr. Garcia, then their testimony concerning the standard of care is necessarily cumulative. If they are not similarly situated, then they cannot testify under the AMLA. *Id.*

As a trial stratagem, plaintiff has hired three medical experts to all testify that the standard of care was violated. *See,* DEX 1, Pl's Witness List; DEX 2, Pl's Rule 26 (a)(2) disclosure of expert testimony at 7. Plaintiff's use of multiple retained medical experts to

8

testify on the same topic is calculated to lend weight to his case by the sheer number of favorable experts testifying. Plaintiff intends to put his three experts up against the Government's single expert and influence the Court by weight of numbers and length of trial testimony. Plaintiff should not be allowed to skew the trial evidence in his favor with his pocketbook. Plaintiff's proposed cumulative expert testimony is both prejudicial to the United States and a waste of trial time and should not be allowed. There is no reason for each side to have more than one retained medical expert testify at trial.

## CONCLUSION

For all of the above reasons, plaintiff's three retained medical experts: Phillip D. Smith, MD; Joseph E. Paris, MD; and Raymond P. Mooney, PA-C; should not be allowed to testify at trial.

Respectfully submitted this 28th day of December 2007.

                       LEURA G. CANARY
                       United States Attorney


By:   /s/Stephen M. Doyle
       STEPHEN M. DOYLE
       Chief, Civil Division
       Assistant United States Attorney
       Attorney for Defendant
       Post Office Box 197
       Montgomery, AL  36101-0197
       District of Columbia Bar No. 422474
       Telephone No.: (334) 223-7280
       Facsimile No.: (334) 223-7418
       **E-mail:  stephen.doyle@usdoj.gov**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff's attorney, Julia T. Cochrun, Esquire.

    /s/Stephen M. Doyle
Assistant United States Attorney