IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN COGGIN, ) | |
| ) | |
| Plaintiff ) | |
| ) | CIVIL ACTION NO: |
| VS. ) | |
| ) | 2:05-cv-1214-F |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST MOTION IN LIMINE TO EXCLUDE TRIAL TESTIMONY BY PLAINTIFF'S THREE RETAINED MEDICAL EXPERTS**

Comes now the plaintiff and in response to the Defendant's First Motion in Limine to Exclude Trial Testimony by Plaintiff's Three Retained Medical Experts submits the following:

**INTRODUCTION**

The defendant has filed a Motion in Limine to Preclude Plaintiff's Retained Experts from testifying at trial on the grounds that they do not meet the statutory requirements of the Alabama Medical Liability Act (AMLA) for experts that may

1

provide testimony in a medical malpractice case, and that these witnesses are needlessly cumulative under Fed. R. Evid. 403. As the court is aware, in that this is a FTCA, the medical malpractice law of Alabama is to be applied. 28 U.S.C. § 1346(b). Plaintiff intends to tender three retained experts in this case: Dr. Phillip D. Smith, an internist and gastroenterologist, Dr. Joseph Paris, an internist and correctional medicine physician, who will provide testimony regarding both standard of care for physician care and causation, and Raymond Mooney, a physician assistant, who will privde standard of care testimony for PA care. Plaintiff submits that each of these individuals meets the statutory requirements and that each will provide testimony that is both probative and relevant to the issues in the case. Further, their testimony is not needlessly cummulative and in no way proffered to confuse or mislead the court as is asserted by the defendant. Rather these witnesses are integral to meeting the burden of proof that the plaintiff must bear on both liability and causation. Thus, the defendant's motion is due to be denied.

## ARGUMENT

### I.  Dr. Smith and Dr. Paris are Similarly Situated to Dr. Garcia

Under the Alabama Medical Liability Act ("AMLA"), a similarly situated health care provider must provide testimony to establish the applicable standard of care in a medical malpractice case. Ala. Code § 6-5-548(a) (1975).

Defendant states in its Motion in Limine that Dr. Garcia is a general practitioner who does not hold himself out to be a specialist. Def.'s Mot. at 3. The AMLA sets out three criteria that must be met in order for someone to qualify as a similarly situated health care provider to a non-specialist: 1) be "licensed by the appropriate regulatory board," 2) be "trained and experienced in the same discipline or school of practice," and 3) have "practiced in the same discipline or school of practice during the year preceding the date that the alleged breach of the standard of care occurred." Ala. Code § 6-5-548(b)(1) to (3). Importantly, these statutory requirements only apply to the expert who is providing standard of care testimony and do not apply to experts who provide causation testimony as misstated in the defendant's brief. Def.'s Mot. at 3.

### a.   Dr. Smith is Similarly Situated to Dr. Garcia

Phillip D. Smith, MD, is similarly situated to Dr. Garcia under the ALMA definition. *See* Ala. Code § 6-5-548(b)(1) to (3). Defendant admits that Dr. Smith satisfies Alabama Code Section 6-5-548(b)(1) because he is licensed to practice medicine in both California and Alabama. Def.'s Mot. at 4. However, Defendant claims that Dr. Smith does not meet the requirements of Section 6-5-548(b)(2) or (3). Def.'s Mot. at 4.

Alabama Code Section 6-5-548(b)(2) requires that a similarly situated health care provider be "*trained* and *experienced* in the same discipline or school

of practice." Ala. Code § 6-5-548(b)(2) (emphasis added). Defendant admits that Dr. Garcia's school of practice is primary care. Def.'s Mot. at 3. Dr. Garcia's training consists of graduation from medical school and a one year medical internship. (Plaintiff's Ex. A, Garcia Depo. at 9, lines 12-18; page 11, lines 1-4). Both Dr. Smith and Dr. Garcia were trained to provide primary care through by graduating from medical school and one year of medical internship. (Plaintiff's Ex. B, Smith Depo. at 9, line 11-12). Further, Dr. Smith has provided primary care to patients since the time of his residency. Throughout his career, even while working in research facilities, he worked as a physician in emergency rooms evaluating and diagnosing patients in a primary care setting. (Plaintiff's Ex. B, Smith Depo. at 14, line 3-9). While at NIH, 1980 to 1992, he saw patients in a clinical setting and provided evaluation, diagnosis, and treatment. (Plaintiff's Ex. B, Smith Depo. at 14, line 10-20). Once at UAB in 1992 and thereafter, Dr. Smith, as an attending physician, saw patients regularly in the clinics, on the wards, and in his teaching capacity. (Plaintiff's Ex. B, Smith Depo. at 22, line 1-10; at page 22, line 24 - page 23, line 9). While Dr. Smith has further specialization beyond general practice, he nonetheless meets the requirement of being trained and experienced in the same discipline or school of practice of Dr. Garcia. Of course the defendant's own expert, Dr. Patrick Okolo, III, like Dr. Smith, is a university based attending physician who is board certified in both internal medicine and gastroenterology.

4

Section 6-5-548(b)(3) requires that a similarly situated health care provider have "practiced in the same discipline or school of practice *during the year preceding* the date that the alleged breach of the standard of care occurred." Ala. Code § 6-5-548(b)(3) (emphasis added). Defendant claims that Dr. Smith does not satisfy this requirement because he was on a full-year sabbatical at the Instutut Cochin de Genetique Moleulaire in Paris, France in the year 2000 to 2001. Def.'s Mot. at 4. This is not true. The sabbatical was from September 20, 2000 until September 22, 2001. (Plaintiff's Ex. D, Aff. at 1). The conduct that is the basis of this suit occurred during the period between July 25, 2001 and September 2, 2001. Dr. Smith was practicing medicine up until September 19, 2000, which qualifies as "during the year preceding the date that the alleged breach of the standard of care occurred," as required under the AMLA. *See* Ala. Code § 6-5-548(b)(3).

### b.   Dr. Paris is Similarly Situated to Dr. Garcia

Joseph E. Paris, PhD, MD, is also similarly situated to Dr. Garcia under the ALMA definition. *See* Ala. Code § 6-5-548(b)(1) to (3). Dr. Paris satisfies Alabama Code Section 6-5-548(b)(1) because he is licensed to practice medicine in Georgia and Florida. (Plaintiff's Ex. C, Paris Depo. at 187, line 7-14); *See* Ala. Code § 6-5-548(b)(1). However, Defendant claims that Dr. Paris does not meet the requirements of Section 6-5-548(b)(2) or (3). Def.'s Mot. at 5-6.

5

Alabama Code Section 6-5-548(b)(2) requires that a similarly situated health care provider be "*trained* and *experienced* in the same discipline or school of practice." Ala. Code § 6-5-548(b)(2) (emphasis added). Paris meets this requirement because he, like Garcia, graduated from medical school and thereafter completed a one year internship in medicine. (Plaintiff's Ex. C, Paris Depo. at 43, line 2-7; page 42, line 4-5).

Defendant points out that Dr. Paris is board certified in internal medicine whereas Dr. Garcia is a general practitioner as a basis to disqualify Dr. Paris. Def.'s Mot. at 5. This is irrelevant under the statutory requirement. General practice is not a specialty. Every physician who graduates from medical school and completes one year of internship has completed training as a general practitioner and could practice as such. Dr. Paris meets the requirements of Section 6-5-548(b)(2).

Section 6-5-548(b)(3) requires that a similarly situated health care provider have "practiced in the same discipline or school of practice *during the year preceding* the date that the alleged breach of the standard of care occurred." Ala. Code § 6-5-548(b)(3) (emphasis added). It is undisputed that Dr. Paris practiced medicine during this period. In the years 2000 to 2001 Dr. Paris provided hands-on medical care to inmates on a regular basis. (Plaintiff's Ex. C, Paris Depo. at 191, line 18-22). The Defendant attempts to characterize Dr. Paris' position as purely administrative, ignoring his clear testimony that in fact it

was primarily a clinical mission including teaching of medicine, the writing of patient care policy and ultimately seeing and diagnosing difficult patients. (Plaintiff's Ex. C, Paris Depo. at page 12, line23 to page 13, line 5). In the numerous institutions that he covered, Dr. Paris saw as many as 20 patients a week on a purely clinical basis. (Plaintiff's Ex. C, Paris Depo. at 13, line 12-19). Dr. Paris qualifies under Section 6-5-548(b)(3).

The Defendant also makes reference to Dr. Paris' 2005 retirement from his position as the Georgia Department of Corrections Medical Director. Def.'s Mot. at 5. This too is irrelevant both under the statutory scheme and because Dr. Paris continues to provide patient care through the DeKalb Public Health Department and in jails in Georgia and Alabama. (Plaintiff's Ex. C, Paris Depo. at 3, line 23-4, line 25); see also, Ala. Code § 6-5-548(b)(3) (requiring that he have practiced in the year preceding the date of the breach of standard of care, without any reference to ongoing practice). He also continues to review patient care in a correctional setting for the National Commission on Correctional Healthcare, visiting correctional institutions nationally to evaluate and assess patient care to determine institutional compliance with national accreditation standards. (Plaintiff's Ex. C, Paris Depo. at 7, line 17-9, line 4).

It is important to note that while the Defendant attempts to highlight the settings in which Dr. Paris and Dr. Smith practice to disqualify them under the

AMLA, the Alabama Supreme Court has held that "Section 6-5-548(c)[1] does not require that a similarly situated health-care provider work in the same work environment as the provider accused of error." *Vaughan v. Oliver*, 822 So. 2d 1163, 1169 (Ala. 2001) (footnote added).

### c.   Mr. Mooney is Not Similarly Situated to Dr. Garcia

Plaintiff acknowledges that Mr. Mooney is a physician's assistant and is therefore not similarly situated to Dr. Garcia, and cannot testify as to the standard of care applicable to Dr. Garcia.  However, Mr. Mooney is being called as an expert witness to establish the physician assistant standard of care of Rodriguez, not the standard of care of Dr. Garcia.

### II.   Plaintiff's Medical Experts are Not Needlessly Cumulative

Defendant has accused plaintiff of retaining three medical experts for nefarious purposes, such as to confuse or mislead the Court, or to "skew the trial evidence in his favor with the pocketbook." Def.'s Mot. at 9.  These claims are entirely without merit.

The plaintiff bears the burden of proof in this case. In an Alabama medical malpractice case, "the plaintiff ordinarily is required to present expert testimony as to the relevant standard of care." *Martin v. Dyas*, 896 So.2d 436, 441 (Ala.

---

[1]   Subsection (c) contains the same language as subsection (b) but applies to specialists.

2004). In order to testify to the standard of care, the expert must be "licensed by the appropriate regulatory board. . . ." Ala. Code § 6-5-548(b)(1). In the instant case, the plaintiff has alleged that both the physician and the physician assistant failed to meet the standard of care. Mr. Mooney, a licensed physician assistant, who in the years 2000-2001 was actively engaged in providing care to a correctional setting can provide testimony to establish the standard of care for Rodriguez, the physician assistant. The testimony of Dr. Paris and Dr. Smith regarding Dr. Garcia's standard of care is not needlessly cumulative, because each physician offers a unique perspective on the standard of care. Dr. Paris brings insight into the appropriate standard of care for correctional medicine as well as the standard to be applied for the treatment of a patient presenting with acute abdominal complaints to a primary care physician.

"A plaintiff in a medical malpractice action must also present expert testimony establishing a causal connection between the Defendant's act or omission constituting the alleged breach and the injury suffered by the plaintiff." *Sorrell v. King*, 946 So. 2d 854, 862 (Ala. 2006). Dr. Smith, as a world renown expert in gastroenterology, can in addition to providing testimony as to the standard of care to be utilized in treating a patient with John Coggin's clinical picture, can give this court a thorough understanding of the disease process and causation.

Exclusion of one or more of these experts is discretionary with the court and *may* be done if the probative value is *substantially* outweighed by the *needless* presentation of cumulative evidence. This is not a numbers game but rather a careful balancing test weighted to preserve the admissibility of probative evidence. Each of these witnesses have a purpose in providing unique evidentiary testimony that will have probative value in plaintiff meeting its burden of proof. Limiting testimony simply based upon numbers fails to recognize that plaintiff must provide evidence on both standard of care for multiple health care providers as well as establish medical causation.

Wherefore, the plaintiff submits that the Defendant's motion is due to be denied and each of these witnesses be allowed to testify.

Respectfully submitted,

_____
JULIA T. COCHRUN
Attorney for Plaintiff

OF COUNSEL:
PATE & COCHRUN, LLP
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
e-mail: filings@plc-law.com

10

CERTIFICATE OF SERVICE

I hereby certify that on this the _____4th_____ day of January, 2008, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, the CM/ECF system will send notification of such filing to the following:

Stephen M. Doyle, Esq.
Assistant U.S. Attorney
P. O. Box 197
Montgomery, AL 36101-0197

and I hereby certified that I have mailed the foregoing document by U.S. Mail, postage prepaid, to the following:

None

_____
OF COUNSEL

11