IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN COGGIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION NO: |
| VS. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 2:05-cv-1214-F |
| | ) | |
| Defendant | ) | (WO- Do Not Publish) |

_____

ORDER ON PRETRIAL HEARING

_____

A pretrial hearing was held in this case on January 4, 2008, wherein the following proceedings were held and actions taken:

1. **PARTIES AND TRIAL COUNSEL:**

    Julia T. Cochrun, Esq. and R. Gordon Pate, Esq.
    Pate & Cochrun, LLP
    P. O. Box 10448
    Birmingham, AL 35202-0448
    Attorneys for plaintiff, John Coggin.

    Stephen Doyle, Esq. and James J. DuBois, Esq.
    Assistant U.S. Attorneys
    P. O. Box 197
    Montgomery, AL 36101-0197
    Attorney for defendant, United States of America

    **COUNSEL APPEARING AT PRETRIAL HEARING:**  Same as trial counsel.

2. **JURISDICTION AND VENUE:**  Jurisdiction pursuant to 28 U.S.C. § 1346(b)(1) 2671-2680 (FTCA).; venue pursuant to 28 U.S.C. § 1402(b).

3.    **PLEADINGS:**   The following pleadings and amendments were allowed: Complaint and Answer.

4.    **CONTENTIONS OF THE PARTIES:**

(a)    **The Plaintiff:**

The plaintiff contends that the staff of BOP Montgomery Federal Prison Camp failed to provide him medical care that met the national standard of care and as a result he suffered a massive gastrointestinal (GI) bleed, and was required to undergo surgical treatment of this condition. He continues to suffer from the sequelae from this circumstance including an incisional hernia, xyphoid process damage, and peptic ulcer disease.

John Coggin was incarcerated at BOP Montgomery - FPC Maxwell beginning August 26, 1999 to serve a term of thirty-six (36) months. In late July of 2001 he began suffering with acute abdominal pain. He reported his symptoms to the staff of the facility Health Services Unit (HSU). He was initially seen and treated by Oscar Rodriguez, PA and Dr. O. Garcia, who mis-diagnosed his condition as gall bladder disease, failing to rule out with diagnostic modalities other potential causes for the abdominal pain. Coggin was prescribed thereafter by the staff of the HSU a high dose non-steroidal anti-inflammatory drug (NSAID), Motrin, as well as later prescribed additional NSAIDS, which were contraindicated for undiagnosed and unevaluated acute abdominal pain and contraindicated in peptic ulcer disease.

Over the next thirty-nine (39) days, plaintiff continued to complain of abdominal pain, nausea, vomiting, inability to eat with weight loss, and weakness to the staff of Maxwell and its HSU, including but not limited to PA Rodriguez and Dr. Garcia. His clinical condition culminated in complaints of fainting, vomiting of reddish vomitus, which was ignored, dismissed or inadequately addressed by the staff of Maxwell through out this period. On September 2, 2001, after numerous episodes of these complaints and conditions, the plaintiff was found passed out in a pool of bloody vomitus and transferred to Baptist Medical Center South, where it was discovered that he had developed a severe penetrating gastric ulcer that had caused severe blood loss anemia and other derangements of his vital signs and blood work that indicated a chronic GI bleed. This was attributed to the NSAID use that had been prescribed by the staff of the Maxwell HSU. He was placed in the Intensive Care Unit, transfused, and underwent a thorough work up by the GI Service at Baptist whereupon it was discovered that he had a clotted off ulcer that was at great risk for rebleeding. He was taken to emergency surgery to repair this. No gall bladder disease was seen or treated then, or ever after. Plaintiff remained in the hospital for fifteen (15) days and was thereafter transferred to Maxwell and remained on medical convalescence status until his release to a half-way

house in Birmingham in November.

Plaintiff suffered injury as a result of the government's negligence. He underwent an extended period of time suffering with untreated severe abdominal pain, nausea and vomiting and chronic GI bleeding. His GI tract was subjected to NSAIDs over an extended period of time and he suffered erosive damage to his GI tract including a large posterior duodenal ulcer with a hole in gastroduodenal artery. He had to undergo transfusion of multiple units of blood. He underwent surgery that was preventable if his abdominal complaints had been adequately diagnosed and treated in a timely manner. He underwent a lengthy convalescence. Since the time of his treatment at Baptist, John Coggin has required daily mediation to treat his peptic ulcer disease as well as at least annual evaluation and treatment by his physician to monitor his condition. He developed an incisional hernia and xyphoid process damage as a result of the surgical procedure necessitated by the GI condition and massive bleeding that resulted from the treatment or lack thereof by the staff at Maxwell which has continued to be symptomatic.

Plaintiff contends that the conduct of the staff of the HSU and the persons that the HSU utilized and directed to monitor inmate health conditions after hours was negligent and violative of the standards contemplated by the standard of care applicable to those health care providers and their designees under state and federal law.

**(b)  The defendant**

1. That the health care provided to plaintiff, John Coggin, while he was a prisoner at the Federal Prison Camp at Maxwell Air Force Base (FPC Maxwell) satisfied the applicable standard of care.
2. That any complications that plaintiff experienced were not caused by a breach of the standard of care by the health care providers at FPC Maxwell.
3. That plaintiff negligently contributed to his own injury by taking aspirin and ibuprofen that he purchased over the counter.
4. That plaintiff has no damages.

**5.  STIPULATIONS BY AND BETWEEN THE PARTIES:**

NONE.

It is ORDERED that:

(1)     The non-jury trial of this cause, which is to last four to five (4 to 5) days, is set for February 4, 2008, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

(2)     A trial docket will be mailed to counsel for each party approximately three weeks prior to the start of the trial term;

(3)     The plaintiff(s) are required to file proposed findings of fact and conclusions of law by January 28, 2008. The defendant(s) are required to file proposed findings of fact and conclusions of law by January 28, 2008.  The parties are also directed to e:mail their proposed findings of fact and conclusions of law to *propord_fuller@almd.uscourts.gov* in WordPerfect format by the dates specified above.

(4)     The parties in this case are required to file trial briefs by January 28, 2008.

(5)   Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), **three copies** of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(6)     All deadlines not otherwise effected by this order will remain as set forth in the Amended Scheduling Order (Doc. #20) entered by the court on April 11, 2008;

(7)     All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

       DONE this 14th day of January, 2008.

                                        /s/ Mark E. Fuller
                                CHIEF UNITED STATES DISTRICT JUDGE