IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN COGGIN, | ) | |
| Plaintiff | ) ) ) | CIVIL ACTION NO: |
| VS. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | 2:05-cv-1214-F |
| Defendant | ) ) | |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TRIAL TESTIMONY AS TO APPLICABLE STANDARD OF CARE BY DEFENDANT'S WITNESSES**

Comes now Plaintiff, John Coggin, by and through his counsel, and pursuant to FRE 601 and Ala. Code Section 6-5-548 of the Alabama Medical Liability Act ("AMLA"), moves to exclude all testimony of the following Defendant's witnesses, as set out hereinbelow, that does not meet the statutory requirements of said Act. The grounds for this motion are that:

1.  Dr. Orencio Garcia-Brenes ("Garcia"), is a physician and thus not "similarly situated" under the AMLA Section 6-5-548 to offer testimony as to the standard of care for a Physician Assistant ("PA") as would be applicable for the Bureau of Prison's staff PA, Oscar Rodriguez.

1

Further, he is not appropriately licensed under the statute, so he cannot qualify under Section 6-5-548(b)(1) of the AMLA to provide testimony as to the standard of care for a physician.

2. Oscar Rodriguez, the Bureau of Prison PA, is not appropriately licensed under the statute, so he cannot qualify under Section 6-5-548(b)(1) of the AMLA to provide testimony as to the standard of care for a PA.

3. Defendant's retained expert, Dr. Patrick I. Okolo, is a physician and thus not "similarly situated" under the AMLA Section 6-5-548 to offer testimony as to the standard of care for a PA, as would be applicable for the Bureau of Prison's staff PA, Oscar Rodriguez .

4. Defendant has listed a number of physicians as non-retained witnesses, including Dr. Antonio Williams, a general surgeon who saw Mr. Coggin while he was incarcerated. Dr. Williams is a surgeon and thus not "similarly situated" under the AMLA Section 6-5-548 to offer testimony as to the standard of care for a PA, as would be applicable for the Bureau of Prison's staff PA, Oscar Rodriguez, nor Bureau of Prison's staff medial doctor Dr. Garcia. Dr. Williams nor any other treating physician has been identified as giving standard of care testimony in any filing.

5. The defendant has not identified any qualified "similarly situated" witness to testify as to the applicable standard of care for a PA pursuant the Court's April 11, 2007 Scheduling Order.

In support of this motion the Plaintiff relies upon the attached memorandum of law and attached exhibits.

## INTRODUCTION

Under the Federal Tort Claims Act ("FTCA"), the government "shall be liable . . . in the same manner and to the same extent as a private individual under the circumstances . . . ." 28 U.S.C. § 2674 (1982). Liability is determined "in accordance with the law of the place where the act or omission occurred." *Id.* § 1346(b)(1). The Defendant has not disputed that in the instant case Plaintiff's claim is governed by Alabama law.

## ARGUMENT

1.  <u>Garcia Cannot Testify as to the Applicable Standard of Care for a Physician</u>

Under the AMLA, only a similarly situated health care provider may provide testimony to establish the applicable standard of care in a medical-malpractice case. Ala. Code § 6-5-548(a). The AMLA sets out three criteria that must be met in order for someone to qualify as a similarly situated health care provider to a non-specialist: 1) be "*licensed by the appropriate regulatory board or agency of this or some other state*," 2) be "trained and experienced in the same discipline or school of practice," and 3) have "practiced in the same discipline or school of practice during the year preceding the date that the alleged breach of the standard of care occurred." Ala. Code § 6-5-548(b)(1) to (3) (emphasis added). It is important to recognize that these three statutory requirements are cumulative and not alternative. In an Alabama medical-malpractice case such as this, Defendant is not required to provide testimony as

to the applicable standard of care, however Defendant is prohibited from providing any testimony as to standard of care unless the expert witness meets the requirements under Alabama Code Section 6-5-548(b)(1) to (3). Garcia testified that he has a license to practice medicine in Puerto Rico, but not in the United States. Exhibit 1, Garcia Dep. Page 17, Line 14-22. The AMLA specifically requires that in order for an expert to testify as to an applicable standard of care, that expert must be "licensed by the appropriate regulatory board or agency *of this or some other state.*" Ala. Code § 6-5-548(b)(1) (emphasis added). Garcia does not satisfy Alabama Code Section 6-5-548(b)(1) because he is not licensed to practice medicine in Alabama or any other state, and therefore Garcia is prohibited by Alabama law from testifying as to the applicable standard of care. *See* Ala. Code § 6-5-548(b).

Wherefore Plaintiff moves this Court to preclude Garcia from testifying as to the standard of care that would apply to a physician.

2.  <u>Rodriguez Cannot Testify as to the Applicable Standard of Care for a PA</u>

Under the AMLA, only a similarly situated health care provider may provide testimony to establish the applicable standard of care in a medical-malpractice case. Ala. Code § 6-5-548(a). The AMLA sets out three criteria that must be met in order for someone to qualify as a similarly situated health care provider to a non-specialist: 1) be "*licensed by the appropriate regulatory board or agency of this or some other state,*" 2) be "trained and experienced in the same discipline or school of practice," and 3) have "practiced in the same

discipline or school of practice during the year preceding the date that the alleged breach of the standard of care occurred." Ala. Code § 6-5-548(b)(1) to (3) (emphasis added). It is important to recognize that these three statutory requirements are cumulative and not alternative. Alabama has specific licensing requirements for physician assistants. See Ala. Code § 34-24-297. The licensing requirements for physician assistants are mandatory. Under Alabama law, "[a]ny person practicing or offering to practice as an assistant to physician in this state *shall be licensed* and registered by the board. . . ." Ala. Code § 34-24-295(a) (emphasis added). Rodriguez, a physician assistant, has testified that he does not "hold any license to practice medicine in the United States or any of its territories," and that he does not "hold any sort of physician's assistant's license." Exhibit 2, Rodriguez Dep. Page 11, Line 14-20.

Alabama law requires that Rodriguez be "licensed by the appropriate regulatory board of this or some other state" in order to testify as to the standard of care of a physician assistant similarly situated to himself. See Ala. Code § 6-5-548(b)(1). Since Rodriguez is not licensed by an appropriate board, he cannot testify as to the applicable standard of care in the instant case.

While the AMLA does not require the Defendant to offer testimony to establish the applicable standard of care, the AMLA does prohibit the Defendant from offering any testimony as to the applicable standard of care from anyone who does not meet the Section 6-5-548 requirements for a similarly situated healthcare provider. See Ala. Code § 6-5-548(b)(1) to (3). Rodriguez is not "licensed" as required by the AMLA, and therefore cannot testify as to the

5

standard of care to which he is held under Alabama law. See Ala. Code § 6-5-548(b)(1).

Wherefore Plaintiff moves this Court to preclude Rodriguez from testifying as to the standard of care that would apply to a physician assistant.

3.  <u>A Physician (Dr. Garcia or Dr. Okolo) Cannot Testify as to the Applicable Standard of Care for a Physician Assistant</u>

Under the AMLA, only a similarly situated health care provider may provide testimony to establish the applicable standard of care in a medical-malpractice case. Ala. Code § 6-5-548(a). The AMLA sets out three criteria that must be met in order for someone to qualify as a similarly situated health care provider to a non-specialist: 1) be "licensed by the appropriate regulatory board or agency of this or some other state," 2) be "*trained and experienced in the same discipline or school of practice*," and 3) have "practiced in the same discipline or school of practice during the year preceding the date that the alleged breach of the standard of care occurred." Ala. Code § 6-5-548(b)(1) to (3) (emphasis added). It is important to recognize that these three statutory requirements are cumulative and not alternative. The Eleventh Circuit has previously held that under Section 6-5-548(b) of the AMLA, a physician cannot testify as to the standard of care of a nurse practitioner. *Bradley v. Mariner Health, Inc.*, 315 F. Supp. 2d 1190, 1196-97 (S.D. Ala. 2004) (holding that "as Dr. Jacobs is not licensed, trained, or experienced as a nurse . . . he is not qualified to render standard of care testimony against Defendants pursuant to § 6-5-548 of

6

the AMLA."). In the instant case, a physician would likewise be precluded from rendering standard of care testimony against a physician assistant under Section 6-5-548(b) of the AMLA.

Defendant has identified Dr. Patrick Okolo, a physician, as its only retained expert on standard of care in this case. It has not identified any licensed PA who meets the requirements of Section 6-5-548 of the AMLA as an expert witness who may testify, retained or otherwise.

Wherefore Plaintiff moves this Court to preclude any physician or other health care provider not similarly situated to a physician assistant from testifying as to the standard of care that would apply to a physician assistant under Alabama law.

4. <u>A Surgeon (Dr. Williams) Cannot Testify as to the Applicable Standard of Care for a Physician Assistant or a Non-Surgeon</u>

Defendant has heretofore in other filings submitted Dr. Antonio Williams' Declaration and solicited testimony on the issues of standard of care from Dr. Antonio Williams in deposition. Dr. Williams is not "similarly situated" to Dr. Garcia. Dr. Williams has testified that he is a licensed physician, however he is not a family physician, an internal medicine physician, by either training or board certification. Exhibit 3, Williams Depo. Page 5, line 8, Page 25, line 21-26, line 11. He completed a surgery residency at Morehouse. *Id* at Page 26, line12-18. His board certification is strictly surgery and this board is not a board for general practice, family practice, or internal medicine. *Id* at Page 26, line 19 to Page 27, line1.

7

Under the AMLA, only a similarly situated health care provider may provide testimony to establish the applicable standard of care in a medical-malpractice case. Ala. Code § 6-5-548(a). The AMLA sets out three criteria that must be met in order for someone to qualify as a similarly situated health care provider to a non-specialist: 1) be "licensed by the appropriate regulatory board or agency of this or some other state," 2) be "*trained and experienced in the same discipline or school of practice*," and 3) have "practiced in the same discipline or school of practice during the year preceding the date that the alleged breach of the standard of care occurred." Ala. Code § 6-5-548(b)(1) to (3) (emphasis added). It is important to recognize that these three statutory requirements are cumulative and not alternative.

While Dr. Williams is a licensed physician. He is not licensed as a PA and thus for the reasons hereinbefore set out in Section 3 of this motion, is not "similarly situated" to a physician assistant so as to be able to offer testimony as to the standard applicable to PA Rodriguez under Section 6-5-548 of the AMLA.

Further while Dr. Williams is a licensed physician and would satisfy the first prong of the statutory requirements to provide standard of care testimony for a physician, he does not meet the requirements of Ala. Code § 6-5-548(b)(2) which requires that the expert be "*trained and experienced in the same discipline or school of practice*,". Dr. Williams makes clear by his sworn testimony that he has trained and practiced *only* as a surgeon and not in any primary practice discipline. He does not hold himself out as a primary care physician in any way. thus he would not satisfy the second prong of the statutory requirement.

Wherefore Plaintiff moves this Court to preclude Dr. Williams or any physician or other health care provider not similarly situated to PA Rodriguez or Dr. Garcia from testifying as to the standard of care that would apply to a physician assistant or medical physician under Alabama law.

5. <u>The Defendant is Precluded from Calling Any Witness not Identified Pursuant to the Requirement of the Court's April 11, 2007 Amended Scheduling Order</u>

In Section 8 of the Court's Amended Scheduling Order of April 11, 2007, the Court ordered the parties to "disclose to each other the identity of ANY person who may be used at trial to present evidence" and to "provide the reports of retained experts. . . ."  On October 5, 2007[1], Defendant submitted its disclosure of persons as ordered by the Court in Section 8, listing only Patrick I. Okolo, III, MD, MPH as a "retained expert who will provide testimony under Rules 702, 703, or 705."  No other retained experts were listed in Defendant's submitted disclosure. See Exhibit B. United States' Disclosures of Person Under Rules 701,702,703, or 705 of the Federal Rules of Evidence and Report of Retained Expert Required by Rule 26 (A) (2).

In Section 10 of the Court's Amended Scheduling Order issued on April 11, 2007, the Court ordered the parties to identify all witnesses "whom the party expects to present and those whom the party may call if the need arises by

---

[1] The Court's April 11, 2007 Scheduling Order set out at Section 8 that the defendant must provide retained expert identification and reports by September 27, 2007. Upon motion of the defendant, the Court allowed the defendant until October 5, 2007 to provide this.

December 27, 2007." The order instructs that "[u]nless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified." No additional witnesses that would meet the AMLA "similarly situated" requirements were submitted at that time. See Exhibit C. United States' Witness List. No agreement exists between the parties and plaintiff would submit that defendant has not offered the Court any facts that would support "good cause".

Further, no other witnesses identified by the defendant in any filing or identification as non-retained medical providers are "similarly situated" as required by the AMLA to a physician assistant.

Plaintiff submits that the Defendant should not be allowed to call expert witnesses, retained or otherwise to testify as to the applicable standard of care for a physician assistant, unless those expert witnesses were disclosed at the Court ordered dates.

WHEREFORE the Plaintiff moves this Court in Limine to preclude Defendant from offering any physician or other health care provider not "similarly situated" to a physician assistant from testifying as to the standard of care that would apply to a physician assistant under Alabama law.

Respectfully submitted,

_____
JULIA T. COCHRUN
Attorney for Plaintiff

OF COUNSEL:
PATE & COCHRUN, LLP
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
e-mail: filings@plc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the _____ day of _____, 2008, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, the CM/ECF system will send notification of such filing to the following:

Stephen M. Doyle, Esq.
Assistant U.S. Attorney
P. O. Box 197
Montgomery, AL 36101-0197

and I hereby certified that I have mailed the foregoing document by U.S. Mail, postage prepaid, to the following:

None

_____
OF COUNSEL

11