IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN COGGIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION NO: |
| VS. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 2:05-cv-1214-F |
| | ) | |
| Defendant | ) | |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TRIAL TESTIMONY OF DEFENDANT'S UNTIMELY IDENTIFIED WITNESSES**

Comes now Plaintiff, John Coggin, by and through his counsel, pursuant to Fed.R.Civ.P. 26 and moves to exclude all testimony of Defendant's witnesses hereinbelow identified. The grounds for this motion are as follows:

**PRECLUDE TESTIMONY OF BURNS, WEST AND DAVIS**

On May 31, 2006, the defendant submitted its initial disclosures to Plaintiff pursuant to the Court's order. Therein it identified witnesses Steve Burns, Thomas West and Freddie Davis, identifying them as "correctional officers at the FPC Maxwell at the time of Plaintiff's incarceration". Exhibit A, Defendant's Rule 26(a)(1) Initial Disclosures.

1

On October 5, 2007, Defendant submitted its disclosure of "persons" pursuant to Section 8 of the Court's Amended Scheduling Order of April 11, 2007[1], wherein the Court ordered the parties to "disclose to each other the identity of ANY person who may be used at trial to present evidence" and to "provide the reports of retained experts. . . .". Witnesses Burns, West and Davis were *not* listed. Exhibit B, United States' Disclosures of Person Under Rules 701,702,703, or 705 of the Federal Rules of Evidence and Report of Retained Expert Required by Rule 26 (A) (2).

Thereafter on December 27, 2007, the defendant provided its Witness List pursuant to Section 10 of the Court's Amended Scheduling Order. Witnesses Burns, West and Davis were once again listed. Exhibit C, United States Witness List.

By violating the Court's order in Section 8 of the Amended Scheduling Order, Defendant has blind-sided Plaintiff with witnesses for whom Plaintiff did not depose in that they were not identified as witness that maybe called at the ordered time in September. Further upon this recent listing, Plaintiff inquired of defense counsel as to the nature of their proposed testimony and only now has learned that Burns and West are not "correctional officers at the FPC Maxwell at the time of Plaintiff's incarceration" but rather being offered to provide testimony as to the plaintiff's commissary purchases, a central theme of defendants

---

[1] The Court's April 11, 2007 Scheduling Order set out at Section 8 that the defendant must provide retained expert identification and reports by September 27, 2007. Upon motion of the defendant, the Court allowed the defendant until October 5, 2007 to provide this.

defense. To date, despite a request, the defendant has not provided any information as to the nature of Davis' testimony at all. This is prejudicial to the plaintiff who is unable to depose the witnesses since discovery was cutoff on December 31, 2007 and Plaintiff moves this court to preclude their testimony. In the alternative, Plaintiff would ask the Court to order the defendant to give full disclosure of these witnesses' testimony.

### PRECLUDE TESTIMONY OF LOFTIN AND SATTERWHITE

Witnesses, Michael Loftin and Billvy Satterwhite, where *not* listed in the defendant's Initial Disclosures or the United States' Disclosures of Person Under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence and Report of Retained Expert Required by Rule 26 (A) (2). See Exhibit A and B. The defendant identified these witnesses for the first time in its Witness List submitted to Plaintiff on December 27, 2007. Exhibit C.

Defendant once again has attempted to blind-side Plaintiff with witnesses for whom Plaintiff did not depose in that they were not identified as witness *ever* until the final list. Further upon this recent listing, Plaintiff inquired of defense counsel as to the nature of their proposed testimony and only now has learned that Satterwhite is being offered to provide testimony as to the plaintiff's commissary purchases, a central theme of defendant's defense. Foster has now been identified, upon Plaintiff's request, as a correctional officer who made log entries in the BOP logs, however the substance of his testimony, like Satterwhite's, is unknown to Plaintiff at this time. This is prejudicial to the plaintiff

3

who is unable to depose the witnesses since discovery was cutoff on December 31, 2007 and Plaintiff moves this court to preclude their testimony. In the alternative, Plaintiff would ask the Court to order the defendant to give full disclosure of these witnesses' testimony.

Respectfully submitted,

_____
JULIA T. COCHRUN
Attorney for Plaintiff

OF COUNSEL:
PATE & COCHRUN, LLP
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
e-mail: filings@plc-law.com

CERTIFICATE OF SERVICE

I hereby certify that on this the ___18th___ day of ___January___, 2008, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, the CM/ECF system will send notification of such filing to the following:

Stephen M. Doyle, Esq.
Assistant U.S. Attorney
P. O. Box 197
Montgomery, AL 36101-0197

and I hereby certified that I have mailed the foregoing document by U.S. Mail, postage prepaid, to the following:

None

_____
OF COUNSEL