IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHN COGGIN,                          )
                                      )
          Plaintiff                   )
                                      )        CIVIL ACTION NO:
VS.                                   )
                                      )
UNITED STATES OF AMERICA,             )        2:05-cv-1214-F
                                      )
          Defendant                   )

---

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S TRIAL EXHIBITS

---

Comes now the plaintiff in the above-styled cause, by and through counsel of record, and pursuant to the Court's amended scheduling order files the following objections to the defendant's exhibits, as listed by defendant in its Exhibit List:

### I.    PLAINTIFF'S OBJECTION TO DEFENDANT'S EXHIBIT 1

The Defendant has announced its intention to use the Plaintiff's past conviction of crime to impeach the Plaintiff.  Under the Federal Rules of Evidence Rule 609, a witness may be impeached by evidence of past conviction of crime in certain circumstances.  *See* FRE Rule 609(a) to (e).  However, Plaintiff objects to Defendant Exhibit 1, entitled "John Coggin's Criminal convictions," because this entire exhibit is irrelevant up until such time that Coggin should deny having been convicted of crime.  Even if Coggin does deny conviction of crime on cross-

1

examination, the only relevant document in Defendant Exhibit 1 is the Judgment, which proves that Coggin was convicted of crime, and provides all other relevant information for the purpose of impeachment. The indictments and plea agreements are irrelevant, because they do not tend to show that conviction of a crime has occurred. The judgment is irrelevant up until such time that Coggin denies conviction of crime.

## II.   PLAINTIFF'S OBJECTION TO DEFENDANT'S EXHIBIT 2

The Defendant has announced its intention to use witness Jim Johnson's past conviction of crime to impeach him. Under the Federal Rules of Evidence Rule 609, a witness may be impeached by evidence of past conviction of crime in certain circumstances. *See* FRE Rule 609(a) to (e). However, Plaintiff objects to Defendant Exhibit 2, entitled "Jim Johnson Criminal convictions," because Exhibit 2 is completely irrelevant, even if Johnson denies the conviction of crime. Up until Johnson denies conviction of crime, evidence of conviction of a crime is irrelevant. Moreover, Exhibit 2 contains only a plea agreement. If Johnson were to deny conviction of a crime during cross-examination, Exhibit 2 would still be irrelevant because it does not contain a Judgment.

## III.   PLAINTIFF'S OBJECTION TO DEFENDANT'S EXHIBIT 3

The Defendant has announced its intention to use witness Ronald Rankins' past conviction of crime to impeach him. Under the Federal Rules of Evidence Rule 609, a witness may be impeached by evidence of past conviction of crime in certain

2

circumstances. *See* FRE Rule 609(a) to (e). However, Plaintiff objects to Defendant Exhibit 3, entitled "Ronald Rankins' Criminal convictions," because this entire Exhibit is irrelevant up until such time that Rankins should deny having been convicted of crime. Even if Rankins does deny conviction of crime upon cross-examination, the only relevant document in Defendant Exhibit 3 is the Judgment, which goes to show that Rankins was convicted of crime, and provides all other relevant information for the purpose of impeachment. The rest of Exhibit 3 is entirely irrelevant, even if Rankins does deny conviction of a crime, because indictments and plea agreements do not in any way establish that conviction of crime has occurred. The judgment is irrelevant up until such time that Rankins denies conviction of crime.

## IV.   PLAINTIFF'S OBJECTION TO DEFENDANT'S EXHIBIT 9

Plaintiff objects to Defendant's Exhibit 9, entitled "BOP Central File (00543-00718)," because the Judgment in Exhibit 1 already establishes conviction of crime should Coggin deny it on cross-examination. The documents relating to past crime in Exhibit 9 are both cumulative and irrelevant, because the Judgment in Exhibit 1 already establishes the conviction, and the documents in Exhibit 9 prove nothing further relevant to Rule 609 or any other matter in this case.

## V.   PLAINTIFF'S OBJECTION TO DEFENDANT'S EXHIBIT 10

Plaintiff objects to Defendant's Exhibit 10, entitled "BOP Commissary Records (00397-00403)," because the images on pages 401-03 are inadmissible due to lack

of any authentication or identification. *See* FRE Rule 901(a). Under Rule 901 of the Federal Rules of Evidence, authentication or identification are prerequisites to the admissibility of evidence. *Id.* There has been no testimony that the photocopies on pages 401-03 accurately represent the original photos. More importantly, there has been no authentication or identification to establish that the images are what the Defendant claims them to be. There is no evidence that the pill boxes depicted are the same boxes purchased by Coggin, that the boxes shown contain the same number of pills, that the pills are the same dosage, or even where these images came from. The only testimony on the record regarding the boxes is from Coggin's deposition, in which Coggin says he cannot recall whether the images depicted in the photos are the same as those that he purchased. (Coggin Dep. Page 73, lines 1-3).

## VI.   PLAINTIFF'S OBJECTION TO DEFENDANT'S EXHIBIT 14

Plaintiff objects to Defendant's Exhibit 14, entitled "Dr. Patrick Okolo's Report & Exhibits, Curricular Vitae, Etc.," which contains nine documents including medical articles, abstracts, or government publications, seven of which were published after the alleged breach of standard of care, which occurred in 2001. In a medical malpractice action in Alabama, a medical publication offered to prove an applicable standard of care is inadmissible if it is published after the date of the litigated culpability, unless there is additional evidence that establishes the standard of care at the time of publication is the same as prevailed at the time of the act. *Ensor v. Wilson*, 519 So.2d 1244, 1265 (Ala. 1987) (noting that a medical text from three

4

years after the alleged breach of standard of care would be inadmissible without proper foundation). In the instant case, the act of litigated culpability occurred in 2001. The following is a list of the medical publications attached in Defendant's Exhibit 14, including author name and date of publication: 1) Gerhardt published in 2005, 2) Trowbridge published in 2003, 3) Bahrt published in 1984, 4) Hanbidge published in 2004,[1] 5) Jones published in 2003[2], 6) Nino-Murcia published in 2001, 7) Terjung published in 2003,[3] 8) FDA Alert published in 2005, 9) FDA Public Health Advisory published in 2005. The above publications published after 2001 are inadmissible, because under Alabama law the standard of care is that which was in effect in 2001, and later publications are presumed to not reflect that standard unless an appropriate foundation is laid that establishes otherwise. *See id.*

Further, under FRE 803 (18), only after the proper foundation is laid as a basis for admissibility, may statements from the publication may be read into evidence however they may not be received as exhibits.

Respectfully submitted,

_____
JULIA T. COCHRUN
Attorney for Plaintiff

OF COUNSEL:

_____

[1] Additionally, this is a Canadian article, which could not reflect the applicable national standard of care in the United States.
[2] Additionally, this is a British article, which could not reflect the applicable national standard of care in the United States.
[3] Additionally, this is a German article, which could not reflect the applicable national standard of care in the United States.

PATE & COCHRUN, LLP
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
e-mail: filings@plc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the _____ day of _____, 2008, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, the CM/ECF system will send notification of such filing to the following:

Stephen M. Doyle, Esq.
Assistant U.S. Attorney
P. O. Box 197
Montgomery, AL 36101-0197

and I hereby certified that I have mailed the foregoing document by U.S. Mail, postage prepaid, to the following:

None

_____
OF COUNSEL