IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN COGGIN, ) | |
| ) | |
| Plaintiff ) | |
| ) | CIVIL ACTION NO: |
| VS. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | 2:05-cv-1214-F |
| ) | |
| Defendant ) | |

PLAINTIFF'S SUPPLEMENTAL FILING IN OPPOSITION TO THE
UNITED STATES' MOTION FOR LEAVE TO FILE SUPPLEMENTAL FILING IN
SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGMENT

Comes now the Plaintiff, by and through his counsel of record, and files this response to the United States' Motion for Leave to File Supplemental Filing in Support of the United States' Motion for Summary Judgment and says as follows:

1.   Plaintiff agrees that on January 18, 2008 pursuant to the Court's Amended Scheduling Order, plaintiff filed Plaintiff's Motion in Limine to Exclude Trial Testimony as to Applicable Standard of Care by Defendant's Witnesses. To conclude as the defendant has here that the motion constitutes a concession as to any issue in the previously filed summary judgment motion takes the concept of disingenuous to unprecedented new levels. Plaintiff's limine motion concedes nothing but rather again only seeks to move this

1

Court in limine to proceed at trial pursuant to the clear mandates of the evidentiary rules applicable under the AMLA as contemplated by the Federal Rules of Evidence and the FTCA.

2.      The defendant in its motion for summary judgment did assert the position that the lack of Alabama licensure of the BOP physician and physician assistant should some how be construed by this Court as a shield to liability for the medical care or lack thereof provided by these individuals to the plaintiff while he was incarcerated at BOP Maxwell. Because in the definition section of the AMLA [1], the Act speaks to licensed physicians, the defendant asserts that Dr. Garcia is exempt liability under the Act. Garcia is the sole BOP Maxwell physician and manages and oversees all care given by the health personnel at the prison and also provides inmate care directly.

In determining the Government's liability, the FTCA directs federal courts to examine the law of the state in which the alleged negligence occurred. 28 U.S.C. § 1346(b); *Edwards v. United States*, 497 F. Supp. 379, 381 (M.D. Ala.1980). The Eleventh Circuit has held that under the FTCA, state malpractice law applies to federal system doctors who are not licensed in that state, even when the state-statute purports to apply to only state-licensed physicians. See *Scheib v. Flo. Sanitarium and Benev. Ass'n*, 759 F.2d 859, 863-64 (11th Cir. 1985) (reasoning that "under the Federal Tort Claims Act, 28 U.S.C. 2674 (1982), the government may be held liable only 'to the same extent as a private individual under like circumstances. . .").

---

[1] The AMLA defines "medical practitioner" as "Anyone licensed to practice medicine or osteopathy in the State of Alabama . . . ." § 6-5-481(1). The AMLA defines "physician" as "Any person licensed to practice medicine in Alabama." § 6-5-481(5).

Further as to PA Rodriguez and the other health care providers such as the guards who provide after hours care, AMLA defines "other health care provider" as "any person employed by physicians . . . who are directly involved in the delivery of health care services." Code of Ala. § 6-5-481(8). Additionally, the defendant completely neglects to observe that "medical institutions," such as the BOP Health Services Unit, are also "healthcare providers" independently covered under the AMLA. When the BOP Health Services Unit itself is a "healthcare provider" covered by the AMLA, there is no need to parse definitions trying to fit each and every person employed by the BOP Health Services Unit under a separate definition. The AMLA defines "medical institution" as any licensed hospital, or any physician's or dentist's office or clinic containing facilities for the examination, diagnosis, treatment, or care of human illnesses." *Id.* § 6-5-481(3). The BOP clearly is a physician run clinic that provides these services to the incarcerated humans contemplated. As such the BOP Health Services Unit is a "medical institution," which is a "healthcare provider" covered under the AMLA. *See id.* §§ 6-5-481(3), 6-5-542(1).

The Alabama Supreme Court, in interpreting who is subject to the AMLA has over and over again brought nearly any type of person or entity who enters the path of patient care, from a pharmacist at a private drug store to the Red Cross and its staff, under the "protection" of the AMLA. The clear mandate of the Act has been to protect health care providers from malpractice suits. *See id.* §§ 6-5-540, 6-5-549.1. The concern for precise tracking of the definition language has not been controlling, nor is it the person's or corporation's occupation or type of business that controls, but rather the approach has been to view the care givers to see if they have been *used* to deliver health care services

3

to the patient. *Ex Parte Partners in Care, Inc.*, No. 1061261, 2007 WL 4284657, at *1-4 (Ala. Dec. 7, 2007).

The bottom line to this whole spurious argument by the defendant is that "licensed" is not controlling when determining if the AMLA is applicable under the clear precedent of the federal courts applying state malpractice law in FTCA cases. To hold otherwise would allow the government to be shielded from any state's malpractice law, since those statutory schemes cannot step into the federal arena and mandate licensure in their state because of federal sovereignty. No state legislature could dictate with its malpractice law that the federal institutions operating within its borders must obtain state professional licenses for its federal employees. If so, even Assistant United States Attorneys would have to get an Alabama license to practice in Alabama.

3. Applicability of the AMLA to the health care providers at BOP Maxwell is clear. To assert that because a subsection of the Act, an evidentiary rule that sets out who may testify as to standard of care, somehow relieves the defendant of its applicability in it entirety strains credibility. The Act applies to doctors and physician assistants and other lower level care givers used to execute the health care process to patients. In the case at bar, this Court travels under the Federal Rules of Evidence. The standard for admissibility of expert testimony is controlled by FRE 702 generally. FRE 601 provides that "in civil actions and proceedings, with respect to an element of a claim or a defense as to which state law supplies the rule of decision, the competency of a witness shall be determined in accordance with State law." This proviso means that state law governs the competency of a witness where proof is directed at a substantive issue governed by state

4

law. Here, the proof, that is the standard of care that applies to the case, is substantive. AMLA specifically states the rules for competency of a witness who can testify as to the standard of care. § 6-5-548. Section 6-5-548 requires where the care questioned is that of a non-specialist, that in order to be competent the witness must be licensed in some state, be trained in the same school or discipline of practice and have practiced in the year proceeding the conduct complained of in that school or discipline. This process has been taken by other courts applying the AMLA to federal entities. In *Barton v. American Red Cross*, 829 F. Supp. 1290 (M.D. Ala. 1993), the Court applied FRE 702 and FRE 601 and thereafter determined that the witness proffered for standard of care did not meet the AMLA prerequisites of § 6-5-548 and held that his testimony could not be used on the standard of care.

Unlicensed persons cannot given standard of care testimony in a case governed by the AMLA. This is not having it both ways as asserted by the defendant and places no exceptional burden on the defendant. The defendant is free to retain and employ any expert so qualified to testify as to the standard of care, however, it cannot under Alabama law use an *unlicensed* physician or PA to do so. In fact, as to the physician standard of care proof, the defendant has indeed hired a *licensed* physician, Dr. Okolo, who purportedly has the requisite training and experience in the same discipline or school of practice during the applicable time so as to satisfy the statutory prerequisites. However, the defendant has not retained or even listed any licensed PA heretofore to provide proof of the standard of care for a physician assistant.

WHEREFORE the forgoing considered, the plaintiff moves this Court to deny the

United States' Motion for Leave to File Supplemental Filing in Support of the United States' Motion for Summary Judgment.

Respectfully submitted,

_____
JULIA T. COCHRUN
Attorney for Plaintiff

OF COUNSEL:
PATE & COCHRUN, LLP
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
e-mail: filings@plc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the _____ day of January, 2008, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, the CM/ECF system will send notification of such filing to the following:

Stephen M. Doyle, Esq.
Assistant U.S. Attorney
P. O. Box 197
Montgomery, AL 36101-0197

and I hereby certified that I have mailed the foregoing document by U.S. Mail, postage prepaid, to the following:

None

_____
OF COUNSEL