## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| JOHN COGGIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: **2:05-CV-1214-MEF** |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' OBJECTIONS TO PLAINTIFF'S
## PROPOSED TRIAL EXHIBITS

COMES NOW the United States, by and through Leura G. Canary, United States

Attorney for the Middle District of Alabama, and pursuant to Section 12 of the Court's

Amended Scheduling Order dated April 11, 2007, makes the following objections to

plaintiff's proposed trial exhibits.  Plaintiff's proposed exhibits are identified by the

number appearing on plaintiff's exhibit list dated December 27, 2007.  The United States

reserves the right to object to the relevance of plaintiff's remaining exhibits at trial.

### OBJECTIONS

1.    Plaintiff's proposed Exhibit 11 - "Understanding GI Bleeding: A Consumer

Education Brochure," American College of Gastroenterology Publication.  The United

States objects to this publication as hearsay pursuant to Rules 801 and 802 of the Federal

Rules of Evidence.  Pursuant to Federal Rule of Evidence 803 (18), learned treatises may

be used, under certain circumstances, in the direct or cross-examination of expert

witnesses.  If admitted, hearsay statements in learned treatises may be read into evidence, but may not be received as exhibits.  Any use of this brochure should be limited to the hearsay exception found in Rule 803 (18).

        None of plaintiff's three retained medical experts lists this brochure in their Rule 26 reports as something they relied upon in forming their opinions.  *See,* Rule 26 reports of Dr. Smith, Dr. Paris, and Mr. Mooney.  Plaintiff should not be permitted to use this brochure in the direct examination of his experts under Rule 803 (18).

        The United States also objects to plaintiff's use of this publication because it is undated.  Plaintiff must establish the standard of care as it existed in July through September 2001.  Plaintiff conceded this point in her own pleading.  *See*, Plaintiff's Obj to Def's trial Ex, Pl's Obj to Def Ex. 14 at 4-5. This undated publication may well post-date the treatment at issue in this case.  *Ensor v. Wilson*, 519 So.2d 1244, 1265 (Ala. 1987).  By objecting to this publication, the United States does not waive its right to use it or similar publications in cross-examination.

        2.      Plaintiff's proposed Exhibits 12, 13, 14, 15, 16, Curriculum Vitae (CV's) of Dr. Philip Smith, Dr. Joseph Paris, Dr. Alex Kreher, Dr. Louis Cummings, and Mr. Raymond Mooney.  The United States objects to the CV's of plaintiff's three retained experts and two treating physicians as hearsay pursuant to Rules 801 and 802 of the Federal Rules of Evidence.  The listed CV's are all out of court statements offered to prove the truth of the matters asserted in them.  They do not fit within a hearsay

exception.  All of these witnesses will presumably testify at trial.  Plaintiff can be

expected to cover the background and education of his retained experts when qualifying

them as experts.  With respect to the two treating physicians, Dr. Kreher and Dr.

Cummings, plaintiff can ask them about their qualifications in his direct examination.

These CV's should not be received as exhibits.  By objecting to these exhibits, the United

States does not waive its right to use them in cross-examination.

      3.      Plaintiff's proposed Exhibit 17, Letter of Dr. Louis Cummings regarding

John Coggin dated 7/15/05.  The United States objects to this letter as hearsay pursuant to

Rules 801 and 802 of the Federal Rules of Evidence.  Plaintiff's proposed exhibit is a

letter from his current treating physician, Dr. Cummings, to plaintiff's counsel.  The letter

provides Dr. Cummings opinion of plaintiff's medical condition.  This letter is an out of

court statement offered for the truth of the matter asserted that does not fit within any

hearsay exception.  Doctor Cummings is available to testify and is listed as a will call

witness on plaintiff's witness list.  His prior out of court statement should not be admitted

as an exhibit.  By objecting to this exhibit, the United States does not waive its right to

use it in cross-examination.

      4.      Plaintiff's proposed Exhibit 18, Letter of Dr. Philip Smith regarding John

Coggin dated 8/29/07; Pl's Ex. 19, Letter of Dr. Philip Smith Regarding John Coggin

dated 6/25/04; Pl's Ex. 24, Rule 26 Report of Dr. Philip Smith with attachments.  The

United States objects to all of these out of court statements by Dr. Smith as hearsay

pursuant to Rules 801 and 802 of the Federal Rules of Evidence.  Doctor Smith is one of plaintiff's three retained experts.  His letters of 8/29/07 and 6/25/04 addressed to plaintiff's counsel contain his opinion concerning the care and treatment of plaintiff.  They are out of court statements offered for the truth of the matter asserted that do not fit within any hearsay exception.  Doctor Smith's Rule 26 Report is comprised of these two letters, his CV, and required disclosure of his fees and prior cases.

Expert reports are inadmissible hearsay.  *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728-29 (6th Cir. 1994).  Federal Rule of Civil Procedure 26 (a)(2) requires written disclosure of the opinions of retained experts.  Rule 26 is a discovery rule; it does not speak to the admissibility of expert reports.  Federal Rule of Evidence 702 allows a properly qualified expert witness to *testify* at trial.  It does not allow an expert's out of court statements contained in a Rule 26 report to be admitted into evidence as an exhibit.  *Id*.  By objecting to these exhibits, the United States does not waive its right to use them in cross-examination.

5.    Plaintiff's proposed Exhibits 20 & 23, Rule 26 Report of Raymond Mooney, PA-C with attachments, and Rule 26 Report of Dr. Joseph Paris with attachments.  For the reasons shown in paragraph 4 above, the United States objects to these out of court statements by plaintiff's retained experts as inadmissible hearsay pursuant to Rules 801 and 802 of the Federal Rules of Evidence.  *See, Engebretsen*, 21

F.3d at 728-29.  By objecting to these exhibits, the United States does not waive its right

to use them in cross-examination.

      6.     Plaintiff's proposed Ex. 21, "Clinical Policy: Critical Issues for the Initial

Evaluation and Treatment of Patients Presenting with Chief Complaint of Non-Traumatic

Acute Abdominal Pain" attached to PA Mooney's Rule 26 report.  The United States

objects to this article as hearsay pursuant to Rules 801 and 802 of the Federal Rules of

Evidence.  As is shown in paragraph 1 above, Rule 803 (18) controls the use of learned

treatises at trial.  Under certain circumstances, learned treatises relied upon by an expert

witness in direct examination may be read into evidence, but they may not be received as

exhibits.  Rule 803 (18) should control the use of this article at trial.  Moreover, in his

deposition Mr. Mooney was asked whether he considered this article to be authoritative,

and he answered no.  *See*, Mooney Dep at pp 70-71,  ln 2-25; 1-7, attached as DEX 1.  He

also testified that he did not use the article in formulating his opinion.  *Id.* at p. 71 ln. 1-7.

Under these circumstances, the article is not admissible for any purpose.  By objecting to

this exhibit, the United States does not waive its right to use it or similar articles in cross-

examination.

      7.     Plaintiff's proposed Ex. 22, Medical illustration of common causes of acute

abdominal pain attached to PA Mooney's Rule 26 Report.  For the reasons shown above,

the United States object to this illustration as hearsay pursuant to Rules 801 and 802 of

the Federal Rules of Evidence.  If admissible at all, Rule 801 (18) controls the use of this

illustration.  However, this proposed exhibit should not be received into evidence for any

purpose.  The exhibit is not simply an illustration, it also purports to list common causes

of acute abdominal pain.  It was apparently printed from the internet on 8/28/2007.

However, it lists no author, source, or even publication date.  Without this foundational

information, the United States has no ability to determine whether it is from a reliable

source or not.  Until a proper foundation is laid, this exhibit should not even be accepted

as a learned treatise.  Mr. Mooney testified in his deposition that he got the exhibit online,

but that is all that he remembers about it.  *See*, DEX 1, Mooney Dep at pg 67, Ln 1-25.

As with Plaintiff's proposed Exhibit 21, Mr. Mooney testified that he did not consider

plaintiff's proposed Exhibit 22 authoritative, and he did not rely upon it in forming his

opinion.  *Id.* at pp 70-71,  ln 2-25; 1-7.  Under these circumstances, Plaintiff's proposed

Exhibit 22 should not be admitted for any purpose.  By objecting to this exhibit, the

United States does not waive its right to it or similar publications in cross-examination.

8.     Plaintiff's proposed Exhibit 25, PDR excerpts for Motrin, Sulindac,

Anaprox, and Toradol.  The United States objects to these out of court statements as

hearsay pursuant to Rules 801 and 802 of the Federal Rules of Evidence.  As is explained

above, use of these excerpts from the Physician's Desk Reference is controlled by Rule

803 (18).  None of plaintiff's three retained experts listed the PDR as a resource they

relied upon in formulating their opinions.  *See,* Rule 26 Reports of Dr. Smith, Dr. Paris,

and PA Mooney.  Accordingly, plaintiff should not be allowed to read these PDR

excerpts into evidence on direct examination, and they may not be received as exhibits.

Fed. R. Evid. 803 (18).  By objecting to this exhibit, the United States does not waive its

right to these or similar articles in cross-examination.

      9.    Plaintiff's proposed Exhibit 26, MedScape drug profile for Motrin,

Sulindac, Anaprox, and Toradol.  The United States objects to these out of court

statements as hearsay pursuant to Rules 801 and 802 of the Federal Rules of Evidence.

As is shown above, use of these MedScape drug profiles is controlled by Rule 803 (18).

None of plaintiff's three retained experts lists these Medscape drug profiles as something

they relied upon in formulating their opinions.  *See*, Rule 26 Reports of Dr. Smith, Dr.

Paris, and PA Mooney.  Accordingly, plaintiff should not be allowed to read them into

evidence on direct examination, and they may not be received as exhibits.  Fed. R. Evid.

803 (18).  Moreover, these Medscape drug profiles are dated December 2007.  Plaintiff

has the burden of establishing a breach of the standard of care as it existed in July through

September 2001.  Plaintiff cannot introduce medical information published after that date

to establish the applicable standard or care or a breach of that standard.[1]  *Ensor v. Wilson*,

519 So.2d 1244, 1265 (Ala. 1987).  *See*, Plaintiff's Obj to Def's trial Ex, Pl's Obj to Def

Ex. 14 at 4-5.  By objecting to this exhibit, the United States does not waive its right to

use this or similar articles in cross-examination.

---

[1]The Defendant in a malpractice case may show that he met the current standard of care as a defense.  Plaintiff cannot use an advancing standard of care to establish liability.

10.    Plaintiff's proposed Exhibit 28 (a), attachment to deposition of David

Folmar, 7/26/01 Ibuprofen, designated as Plaintiff's [deposition] Exhibit 1.  This

proposed exhibit is a handwritten list written by plaintiff's counsel during the deposition

of David Folmar.  It purports to show when plaintiff took his prescribed ibuprofen pills.

David Folmar testified that he had no idea when plaintiff took his pills, and the proposed

exhibit mischaracterizes his testimony.  *See,* Folmar Deposition at pg. 60 Ln. 17-18.  This

proposed exhibit should be excluded under Rule 403 because it is of extremely limited

probative value and has great danger of unfair prejudice, confusion of the issues, and

misleading the Court.

WHEREFORE, the United States requests that the Court enter an Order preventing

the above proposed exhibits from being admitted into evidence at trial.

Respectfully submitted this 22th day of January 2008.

LEURA G. CANARY
United States Attorney


By:    /s/Stephen M. Doyle
STEPHEN M. DOYLE
Chief, Civil Division
Assistant United States Attorney
Attorney for Defendant
Post Office Box 197
Montgomery, AL  36101-0197
District of Columbia Bar No. 422474
Telephone No.: (334) 223-7280
Facsimile No.: (334) 223-7418
**E-mail:  stephen.doyle@usdoj.gov**

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff's attorney, Julia T. Cochrun, Esquire.


      /s/Stephen M. Doyle
Assistant United States Attorney