IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN COGGIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: **2:05-CV-1214-MEF** |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' OBJECTIONS TO PLAINTIFF'S
DEPOSITION DESIGNATIONS**

COMES NOW the United States, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to Section 11 of the Court's Amended Scheduling Order dated April 11, 2007, makes the following objections to plaintiff's deposition designations.

**OBJECTIONS**

1. Deposition of David Folmar. David Folmar was a Public Health Service (PHS) pharmacist working at the Federal Prison Camp at Maxwell Air Force Base (FPC Maxwell) at the time of the events giving rise to this lawsuit. He is currently a Captain in the United States Air Force stationed in Japan. He is unavailable for trial, and his deposition is admissible pursuant to Fed. R. Evid. 804 (b)(1).[1]

---

[1] Curiously, plaintiff cites Rule 706 in support of admitting Capt. Folmar's deposition. This rule involves Court appointed experts and has nothing to do with Capt. Folmar's deposition.

2. The United States has designated Capt. Folmar's direct testimony found at pages 1-16 and the three exhibits used in that direct examination. Plaintiff has designated the entire deposition including the cross-examination found at pages 16-86.

3. The United States objects to all portions of plaintiff's cross-examination of Capt. Folmar dealing with the high blood pressure medication Lisinoprol and possible interference with the effectiveness of Lisinoprol from ibuprofen and other non-steroidal-anti-inflammatory drugs (NSAIDs). This extensive testimony is found at pages 22, Ln. 11 through page 32, Ln 11; pages 34, Ln. 24 through 35, Ln. 23; and pages 42, Ln 18 through 46, Ln 23.

4. There are no allegations in this case concerning plaintiff's high blood pressure, and this testimony is totally irrelevant to any issue in the case. Fed. R. Evid. 401. If the Court finds this testimony to be relevant at all, its minimal probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the Court. Fed R. Evid. 403.

5. The United States also objects to the portion of plaintiff's cross-examination found at pages 50 through 60 and including plaintiff's exhibit 1. In this portion of the cross-examination, plaintiff attempts to establish through Capt. Folmar when plaintiff took his prescribed ibuprofen pills. Capt. Folmar testified that he did not know when plaintiff took his pills (see, e.g. pg 60, Ln 17-18) and plaintiff continually misrepresented his testimony. This portion of the deposition and plaintiff's deposition

exhibit one should be excluded under Rule 403 because their minimal probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the Court.

WHEREFORE, the United States requests that the Court enter an Order preventing the above portions of Capt. Folmar's deposition from being admitted into evidence at trial.

Respectfully submitted this 22[th] day of January 2008.

                        LEURA G. CANARY
                        United States Attorney

By:   /s/Stephen M. Doyle
       STEPHEN M. DOYLE
       Chief, Civil Division
       Assistant United States Attorney
       Attorney for Defendant
       Post Office Box 197
       Montgomery, AL  36101-0197
       District of Columbia Bar No. 422474
       Telephone No.: (334) 223-7280
       Facsimile No.: (334) 223-7418
       **E-mail: stephen.doyle@usdoj.gov**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff's attorney, Julia T. Cochrun, Esquire.

    /s/Stephen M. Doyle
Assistant United States Attorney