IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN COGGIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|        v. | ) CIVIL ACTION NO.: **2:05-CV-1214-MEF** |
| | ) |
| UNITED STATES, | ) |
| | ) |
|     Defendant. | ) |

### UNITED STATES' SECOND MOTION *IN LIMINE* TO LIMIT TRIAL TESTIMONY BY PLAINTIFF'S THREE RETAINED MEDICAL EXPERTS

COMES NOW defendant, the United States, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to § 6-5-548 (e) of the Alabama Medical Liability Act (AMLA), moves to strictly limit the testimony by each of plaintiff's three retained medical experts to similarly situated health care providers.

    1.    On January 18, 2008, plaintiff filed a motion styled "plaintiff's motion in limine to exclude trial testimony as to applicable standard of care by defendant's witnesses " (the "motion"). Today, the Court issued a show cause order instructing the United States to respond to this motion by January 28, 2008. The United States will oppose plaintiff's motion in limine on or before the Court's deadline. However, out of an

abundance of caution, the United States now files its own motion in limine echoing some of the arguments raised by plaintiff.

2.   In his motion, plaintiff argues that a physician cannot testify concerning the standard of care for a physician assistant. Pl's motion at 6-7. Plaintiff is apparently unfamiliar with the adage "what's good for the goose is good for the gander." Plaintiff's two retained physician experts, Dr. Philip Smith and Dr. Joseph E. Paris, both gave opinions in their Rule 26 reports and testified extensively in their depositions concerning care given by Oscar Rodriguez and Nurse Practitioner Doris Little. If plaintiff's view prevails, these medical doctors should be strictly prohibited from testifying concerning any care provided by Mr. Rodriguez or Nurse Practitioner Little. In addition, plaintiff's physician assistant expert cannot testify concerning a physician or nurse practitioner. Finally, David Folmar, the pharmacist, cannot testify against anyone.

3.   Plaintiff has not disclosed a nurse practitioner expert. Accordingly, under plaintiff's argument, all testimony concerning Nurse Practitioner Little should be excluded at trial, and the United States should be granted judgment as a matter of law with respect to Nurse Practitioner Little.

4.   Physician's Assistant Mooney should not be permitted to testify about Oscar Rodriguez. Oscar Rodriguez is not technically a physician assistant. He holds a medical doctor degree from the Dominican Republic, but is not a licensed medical doctor in the United States. He is not credentialed as a doctor by the Bureau of Prisons (BOP).

He does not hold a physician assistant degree and is not licensed as a physician assistant. His formal title at the BOP is Mid-Level-Provider (MLP), not physician assistant. Therefore, PA Mooney is not similarly situated to Mr. Rodriguez and should not be allowed to testify against him in this malpractice action.

5. It makes little sense in the context of this case to try and restrict each expert's testimony to a small portion of the care plaintiff received. However, plaintiff apparently thinks that he can gain some sort of tactical advantage by making that argument. The United States wants to make sure that the full effect of plaintiff's argument is realized. If plaintiff's view prevails, Dr. Paris and Dr. Smith should not be allowed to testify about any care provided by Mr. Rodriguez or Nurse Practitioner Little, and Mr. Mooney should not be allowed to testify at all.

6. The United States expects that plaintiff will attempt to "back-door" testimony by his physician experts about Mr. Rodriguez and Nurse Practitioner Little because Dr. Garcia supervised these mid-level providers. However, he cannot have it both ways. Dr. Okolo is also intimately familiar with the supervision that a physician exercises over mid-level providers and can testify about the care provided by a mid-level provider under a physician's supervision. Either all of the retained expert physicians can testify about the standard of care for a physician supervising mid-level-providers or none of them can. If Dr. Smith and Dr. Paris are allowed to give any expert testimony concerning Mr. Rodriguez and Nurse Practitioner Little, then Dr. Okolo should also be

permitted to testify concerning these mid-level-providers, either directly or due to Dr. Garcia's supervision.

WHEREFORE, the United States requests that the Court enter an Order strictly prohibiting plaintiff's physician experts, Dr. Smith and Dr. Paris, from testifying in any way about Mr. Rodriguez or Nurse Practitioner Little and prohibiting PA Mooney from testifying at all.

Respectfully submitted this 22nd day of January 2008.

                              LEURA G. CANARY
                              United States Attorney

By:   /s/Stephen M. Doyle
       STEPHEN M. DOYLE
       Chief, Civil Division
       Assistant United States Attorney
       Attorney for Defendant
       Post Office Box 197
       Montgomery, AL  36101-0197
       District of Columbia Bar No. 422474
       Telephone No.: (334) 223-7280
       Facsimile No.: (334) 223-7418
       **E-mail: stephen.doyle@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff's attorney, Julia T. Cochrun, Esquire.

      /s/Stephen M. Doyle
   Assistant United States Attorney