## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

JOHN COGGIN,                  )
                                   )

     Plaintiff,              )
                                   )

       v.               ) CIVIL ACTION NO.: **2:05-CV-1214-MEF**
                                   )

UNITED STATES OF AMERICA,    )
                                   )

     Defendant.             )

## UNITED STATES' OPPOSITION TO PLAINTIFF'S
## MOTION IN LIMINE TO EXCLUDE TRIAL TESTIMONY
## OF DEFENDANT'S "UNTIMELY" IDENTIFIED WITNESSES

COMES NOW the United States, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to the Court's Order to Show Cause dated January 22, 2008, files this opposition to plaintiff's motion in limine to exclude trial testimony of defendant's allegedly "untimely identified" witnesses.

1.    Curiously, plaintiff argues that Steve Burns, Thomas West, and Freddie Davis should not be allowed to testify at trial because they were not included in the United States expert disclosures. However, these three Bureau of Prisons' (BOP) employees are fact witnesses, not experts.

2.    Plaintiff admits that these three witnesses were all included on the United States' initial Rule 26(a)(1) disclosures. Pl's Mot. at 1. However, he now vehemently argues that he has nevertheless been "blind sided" and accuses the United States of

somehow violating Section 8 of the Court's Amended Scheduling Order dated April 11, 2007. Pl's Mot. at 2. To further his argument, plaintiff misquotes the Court's order. *Id.* He claims that Section 8 of the Court's Order requires the parties to disclose the "identity of ANY person who may be used at trial to present evidence" artfully omitting "under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence[.]" The four omitted Rules deal with opinion testimony by lay witnesses and expert testimony.

3.      BOP officers Burns, West, and Davis are not being called  to give lay opinion testimony or expert testimony under Rules 701, 702, 703, or 705. Therefore, Section 8 of the Court's Order has nothing to do with them. By its plain terms, Section 8 does not require disclosure of all trial witnesses. Section 10 of the scheduling Order addresses the exchange of trial witnesses, and by plaintiff's own admission, the United States fully complied with its deadline. Pl's Mot. at 2.

4.      If plaintiff is "blind-sided" by the testimony of Steve Burns, Thomas West, and Freddie Davis, it is entirely because he chose not to take their depositions.

5.      Plaintiff also argues that Michael Lofton and Billvy Satterwhite should not be permitted to testify because they were not listed on the United States initial disclosures or expert witness disclosures. Pl's Mot. at 3-4. With respect to Michael Lofton, the United States was not aware of him as a potential witness when it made its initial Rule 26 disclosures. However, it later discovered his name in the BOP Housing Unit logs kept during the relevant time frame. Michael Lofton was a BOP correctional officer who

made  relevant entries in the logs.  In fact, plaintiff has identified log entries by Michael

Lofton as exhibits on his trial exhibit list.  See, Pl's Ex. List No. 9.

6.     The United States produced these logs to plaintiff in discovery.  Michael

Lofton is no longer a BOP employee.  He is now a Naval Criminal Investigative Service

(NCIS) law enforcement agent.   Plaintiff had the same opportunity to obtain Michael

Lofton's name from the logs as the United States.  Therefore, plaintiff is not prejudiced

by Michael Lofton testifying at trial.

7.     With respect to Billvy Satterwhite, the United States does not currently

expect to call him as a witness.

WHEREFORE, the United States requests that the Court deny plaintiff's motion in

limine to exclude trial testimony of defendant's "untimely identified" witnesses in its

entirety.

Respectfully submitted this 28th day of January, 2008.

> LEURA G. CANARY
> United States Attorney

> By:    /s/Stephen M. Doyle_____
> STEPHEN M. DOYLE
> Chief, Civil Division
> Assistant United States Attorney
> Attorney for Defendant
> Post Office Box 197
> Montgomery, AL  36101-0197
> District of Columbia Bar No. 422474
> Telephone No.: (334) 223-7280
> Facsimile No.: (334) 223-7418
> **E-mail:  stephen.doyle@usdoj.gov**

3

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff's attorney, Julia T. Cochrun, Esquire.

  /s/Stephen M. Doyle
Assistant United States Attorney
