**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| JOHN COGGIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: **2:05-CV-1214-MEF** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**REPLY IN SUPPORT OF THE UNITED STATES' SECOND MOTION *IN LIMINE* TO LIMIT TRIAL TESTIMONY BY PLAINTIFF'S THREE RETAINED MEDICAL EXPERTS**

COMES NOW defendant, the United States, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files this reply to plaintiff's response in opposition to the United States' second motion *in limine* to limit trial testimony by plaintiff's three retained medical experts (Docket No. 66).

1.  Just as the United States anticipated, plaintiff now admits that he plans to have his two physician experts, Dr. Philip Smith and Dr. Joseph Paris, testify that the care provided by Oscar Rodriguez and Nurse Practitioner Doris Little was somehow inadequate. Pl's Response ¶¶ 2,3, 6. At the same time, he maintains that neither the United States' expert, Dr. Okolo, Dr. Garcia, nor even Oscar Rodriguez himself can testify that Mr. Rodriguez satisfied the standard of care. *See*, Pl's motion in limine to exclude trial testimony as to applicable standard of care by defendant's witnesses (Docket

No. 54).  Plaintiff's position is completely contradictory and should be rejected.  If the United States' witnesses are not permitted to testify concerning Oscar Rodriguez, then plaintiff's physician experts should be strictly prohibited from testifying concerning Mr. Rodriguez or Nurse Practitioner Little.

  2. Plaintiff argues that Dr. Smith and Dr. Paris will testify that Dr. Garcia violated his standard of care as a physician in his supervision of Oscar Rodriguez and Nurse Practitioner Little.  Pl's Resp. ¶¶ 1, 6.  Although this may have momentary facial appeal, what plaintiff is really saying is that Dr. Smith and Dr. Paris will testify that Dr. Garcia violated his standard of care as a physician in his supervision of Oscar Rodriguez and Nurse Practitioner Little **because Oscar Rodriguez and Nurse Practitioner Little violated the standard of care in their treatment of plaintiff**.  Thus, this is just a ruse to allow plaintiff's physician experts to testify indirectly that Oscar Rodriguez and Nurse Practitioner Little violated the standard of care.  If plaintiff's two physician experts are permitted to testify as plaintiff intends, then Dr. Okolo should be permitted to testify that Dr. Garcia satisfied the physician standard of care in his supervision of Oscar Rodriguez and Nurse Practitioner Little because these two Mid Level Practitioners satisfied the standard of care at all times.

  3. Plaintiff's position makes no sense in the context of this case because **exactly the same standard of care governs Dr. Garcia, Oscar Rodriguez and Nurse Practitioner Little**.  There is only one standard of care at issue here.  It cannot be

artificially broken down into three separate standards of care. This point is made abundantly clear by plaintiff's own expert reports. In their expert reports, both Dr. Smith and Dr. Paris analyze all care provided to plaintiff by the Bureau of Prisons under **a single standard of care**. DEX 1, Smith Report at 2; DEX 2, Paris Report at 5-6. Neither Dr. Smith nor Dr. Paris make any attempt to carve out different standards of care for Dr. Garcia, Oscar Rodriguez, and Nurse Practitioner Little. *Id.* They certainly do not give an opinion that Dr. Garcia failed to properly supervise Oscar Rodriguez and Nurse Practitioner Little. *Id.* Because expert reports "shall contain a complete statement of all opinions to be expressed," neither Dr. Smith nor Dr. Paris should be permitted to testify at trial to a new opinion concerning inadequate supervision as plaintiff now proposes. Fed. R. Civ. P. 26 (a)(2)(B).

4.  The fact that a single standard of care governs all care at issue in this case is confirmed by plaintiff's physician assistant expert, Raymond Mooney. Mr. Mooney testified in his deposition that exactly the same standard of care governs physicians and physician assistants. He testified that "[i]f you're the doc and you suture a laceration and I'm the PA and I suture a laceration, the laceration must be sutured to the same standard whether you do it or I do it." DEX 3, Mooney Dep at 60, Ln. 15-18. When asked point-blank "[t]here's not an independent PA standard of care, is there," he answered unequivocally, "[n]o sir, there isn't." *Id.* at Ln. 23-25.

3

5.     Plaintiff attempts to support his position that the standard of care must be artificially carved into separate pieces by giving an example of a nurse who fails follow a doctor's order in giving medication. Pl's Response at 2. However, plaintiff makes no allegations in this case that Oscar Rodriguez or Nurse Practitioner Little failed to follow Dr. Garcia's orders. Rather, plaintiff alleges that all three BOP health care providers violated exactly the same standard of care. Therefore, plaintiff's example has no relevance to the facts of this case. As plaintiff's own experts make clear, a single standard of care covers all of the BOP health care providers in this case.

6.     Plaintiff also argues that his two physician experts can testify concerning causation as it relates to Oscar Rodriguez and Nurse Practitioner Little. However, neither Dr. Smith nor Dr. Paris give a separate opinion on causation in their expert reports. *See*, DEX 1; DEX 2. The causation argument is just another ruse to allow plaintiff's two physician experts to testify concerning all health care provided by the BOP, while at the same time arguing that no defense witness qualifies to testify concerning the care provided by Oscar Rodriguez.

7.     Plaintiff's inconsistent approach to § 6-5-548 is further illustrated by his argument that his expert, Physician Assistant Mooney, qualifies to testify against Oscar Rodriguez on the standard of care. Pl's Resp. at 4-5. Oscar Rodriguez is a Dominican physician with a medical doctor degree from the University of the Dominican Republic. DEX 4, Rodriguez Dep. at 6, Ln 7-14. This is a six-year medical program. *Id.* at 7, Ln 5-

6. Mr. Mooney is a graduate of a two-year PA program. DEX 3, Mooney Dep. at 6, Ln. 1-12. Moreover, the American Academy of Physician Assistants (AAPA) makes it clear that medical school and a PA program are two different things. The AAPA states that "having a medical degree, even from a U.S. medical school, does not qualify an individual to practice as a physician assistant." DEX 6, AAPA publication, International PA Development at 1. Section 6-5-548 (b)(2) requires an expert testifying against another health care provider to be "trained and experienced in the same discipline or school of practice." Clearly, Mr. Mooney does not have the same training as Mr. Rodriguez.

      8.     In addition, Mr. Rodriguez is not a physician assistant. His official BOP title is Mid-Level Practitioner (MLP). DEX 5, BOP Health Services Manual, Chpt I, Pg. 8, ¶ e (1996). Although Mr. Rodriguez testified in his deposition that his title changed to MLP last year, his recollection of the date was incorrect. The Official BOP Health Services Manual shows that the title MLP has been used since at least 1996. *Id.* The AAPA states that to be a PA one must graduate from an accredited PA education program, pass the PA National Certification Examination, and obtain a State license. DEX 7, AAPA publication, International PA Development at 1. None of these prerequisites are waived for foreign medical graduates like Oscar Rodriguez. *Id.* Per the AAPA, Oscar Rodriguez is not a PA. Thus, in addition to lacking the same training and

experience as Oscar Rodriguez; Mr. Mooney has not practiced in the same discipline or school of training as Mr. Rodriguez.  See, Ala. Code § 6-5-548 (b)(2) & (3).

9. Plaintiff dismisses the significant differences between their retained expert and Oscar Rodriguez as "just a label" and argues that it would be too difficult to find an expert that is actually similarly situated to Mr. Rodriguez.  Pl's Resp. at 4-5.  Thus in plaintiff's view, the requirements of the statute can be ignored when it benefits him, but should be strictly enforced against the United States.  This one-sided view should be rejected.

10. This Court teaches that "**[i]n determining whether § 6-5-548's 'similarly situated" criteria have been met, a court should not apply the section mechanistically, but rather practically and with common sense.**" *Barton v. American Red Cross*, 829 F. Supp. 1290, 1301-1302 (M.D. Ala. 1993)(Thompson, J.)(emphasis added).  Plaintiff urges the ultimate mechanistic approach on the Court, attempting to divide the standard of care into unworkable subgroups in an attempt to gain an unfair tactical advantage.  This case involves one standard of care.  Each side should be permitted to present one physician expert to testify concerning Dr. Garcia and Oscar Rodriguez, a foreign trained physician.  There is no place for a PA expert in this case.

11. If the Court determines that the United States' witnesses cannot testify that Mr. Rodriguez met the standard of care, then plaintiff's experts should be strictly

prohibited from testifying concerning the care provided by Oscar Rodriguez or Nurse Practitioner Little.

WHEREFORE, the United States requests that the Court enter an Order strictly prohibiting plaintiff's physician experts, Dr. Smith and Dr. Paris, from testifying in any way about Mr. Rodriguez or Nurse Practitioner Little and prohibiting PA Mooney from testifying at all.

Respectfully submitted this 31st day of January 2008.

                        LEURA G. CANARY
                        United States Attorney

By:   /s/Stephen M. Doyle
       STEPHEN M. DOYLE
       Chief, Civil Division
       Assistant United States Attorney
       Attorney for Defendant
       Post Office Box 197
       Montgomery, AL  36101-0197
       District of Columbia Bar No. 422474
       Telephone No.: (334) 223-7280
       Facsimile No.: (334) 223-7418
       **E-mail: stephen.doyle@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff's attorney, Julia T. Cochrun, Esquire.

                                                         /s/Stephen M. Doyle
                                              Assistant United States Attorney