IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN COGGIN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05cv1214-MEF |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (WO- Do Not Publish) |
| | ) | |
| DEFENDANT. | ) | |

**ORDER**

It is hereby ORDERED as follows:

1. The Motion for Leave to File Supplemental Filing in Support of the United States' Motion for Summary Judgment (Doc. # 58) is GRANTED.

2. The Plaintiff's Motion in Limine to Exclude Trial Testimony of Defendant's Untimely Identified Witnesses (Doc. # 55) is DENIED as MOOT to the extent that it seeks to prevent the Defendant from calling Billvy Satterwhite as a witness because the Defendant has stated that this witness will not be called. Because this Court will allow discovery depositions of certain other witnesses and require the Defendant to supplement its initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), the remainder of the motion is DENIED.

3. By no later than **February 19, 2008**, Defendant shall provide to Plaintiff a revised and supplemental initial disclosure pursuant to Federal Rule of Civil Procedure 26(a)(1). The Court reads this rule to require Defendant to identify the subjects of information about which

the individuals have knowledge. The Court notes that in its prior disclosures the Defendant did not identify the *subjects of information* for certain witnesses, and instead, identified who the individuals were. The Court expects the revised and supplemental disclosure to comply with the letter and spirit of Federal Rule of Civil Procedure 26.

    4. The Plaintiff may conduct additional discovery in this case. This discovery is limited to: 1) discovery relating to individuals not identified in Defendant's May 31, 2006 initial disclosures and added in the Defendant's revised and supplemental initial disclosure (such as Michael Loftin); and 2) discovery relating to Steve Burns, Thomas West, and Freddie Davis . All such additional discovery shall be completed by no later than **May 2, 2008**.

    5. By no later than **February 19, 2008**, the parties shall file a written statement indicating if they wish this Court to certify any question to the Alabama Supreme Court and to the extent that they wish a question or questions to be so certified how would they propose the question be phrased.

    6. On or before **February 29, 2008**, the parties shall submit supplemental briefs to the Court addressing whether any cases exist which address the extent to which the requirements within the Federal Tort Claims Act for release or settlement of claims against the United States apply to settlements or releases entered into *before* the filing of any administrative claim as oppose to after the administrative claim process has been initiated. This submission is mandatory for both parties. If a party cannot find any cases addressing

the issue, counsel must file a document indicating that is the case and outlining what efforts counsel made to locate applicable cases.

7. The Court is not prepared to rule on the pending motions *in limine* concerning which witnesses may testify about the standard of care in this case at this time. To the extent that the United States seeks clarification about whether it will need to hire additional expert witnesses, the Court reminds the parties that the deadlines for disclosing experts in this case has passed. While the Court will be entering a new scheduling order for this case at some point, it is not the Court's intention to extend the time for expert disclosures when it does so. Accordingly, it is this Court's view that the United States' stated reason for needing a ruling on the pending motions *in limine* concerning its expert witnesses at this time is one which incorrectly assumes that if the Court were to exclude some of the expert witnesses that the United States has identified, it would automatically be entitled to find substitute witnesses.

8. At the hearing on February 4, 2008, this Court advised the parties of its inclination regarding a ruling on one of the issues raised by the pending motion for summary judgment so that the case would not be delayed unduly. The Court will formalize that ruling and addressing the remaining issues in the motion for summary judgment at a future date.

DONE this the 12th day of February, 2008.

>                  /s/ Mark E. Fuller
>         CHIEF UNITED STATES DISTRICT JUDGE