IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN COGGIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL ACTION NO: |
| VS. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 2:05-cv-1214-F |
| | ) | |
| Defendant | ) | |

**SUPPLEMENTAL BRIEF ADDRESSING WHETHER ANY CASES EXIST THAT ADDRESS THE EXTENT TO WHICH THE REQUIREMENTS WITHIN THE FTCA FOR RELEASE AND SETTLEMENT AGAINST THE GOVERNMENT APPLY TO "SETTLEMENTS OR RELEASES" ENTERED IN TO BEFORE FILING OF ANY ADMINISTRATIVE CLAIM**

Comes now the Plaintiff, pursuant to the Court's February 12, 2008 Order, and files this supplemental brief addressing whether any cases exist that address the extent to which the requirements within the FTCA for release and settlement against the government apply to "settlements or releases" entered in to before filing of any administrative claim.

After an exhaustive search of applicable case law, it is plaintiff's conclusion that the validity of administrative releases under the FTCA is governed by 28 U.S.C.

1

§ 2672, but that the validity of pre-administrative-claim releases is solely governed by applicable state law. Section 2672 is entitled "Administrative adjustment of claims," and seems to only be applicable to releases entered into after an administrative claim has been filed.

In determining the validity of a post-injury but pre-administrative-claim release under the FTCA, courts have consistently applied state law. *St. Paul Guardian Ins. Co. v. United States*, 117 F. Supp. 2d 1349, 1355-56 (S.D. Fla. 2000); *Rushford v. United States*, 204 F.2d 831, 832 (2nd Cir. 1953). Likewise, courts have applied state law in determining the validity of a pre-injury, pre-administrative-claim release under the FTCA. *Torjagbo v. United States*, No. 6:05-cv-419-Orl-28KRS, 2007 WL 1970867, slip op. at *5-8 (M.D. Fla. July 3, 2007); *Montellier v. United States*, 315 F.2d 180, 184 (2nd Cir. 1963); *Air Transp. Assocs. v. United States*, 221 F.2d 467, 471-72 (9th Cir. 1955).

In all cases found by plaintiff, courts have applied state law in determining the validity of a *pre-administrative-claim release* under the FTCA. However, it should be noted that there is a circuit split regarding whether state law or federal common law governs the general validity of releases under the FTCA. *Gess v. United States*, 909 F. Supp. 1426, 1446 (M.D. Ala. 1995) ( "There appears to be no controlling law in this circuit and decisions emanating from other circuits are divided. The majority of the circuits look to state law in determining the validity of a release under the FTCA." (footnote omitted)). Courts in the Eleventh Circuit have

2

either resolved this issue by applying state law, or simply concluded that a determination is not necessary because state law and federal common law produce the same result. *Compare Gess*, 909 F. Supp. at 1446-47 ("The court, however, need not wrestle with the appropriate choice of law, because the fundamentals of release law, which require the application of general principles of contracts, are the same under federal and state authorities." (footnote omitted)), *and Walker v. United States*, No. 1:05-cv-1820-WSD, 2006 WL 1209929 at *3 (N.D. Ga. Apr. 28, 2006) (concluding that the choice of law regarding validity of release need not be made because state law and federal common law produce the same result), *with St. Paul Guardian Ins. Co. v. United States*, 117 F. Supp. 2d 1349, 1355-56 (S.D. Fla. 2000) (applying state law in determining the validity of a pre-administrative-claim release under the FTCA).

The letter written by plaintiff to a caseworker is not a valid release under Alabama law or federal common law. A release is a type of contract that is controlled by contract law. *Gess v. United States*, 909 F. Supp. 1426, 1446 n.26 (M.D. Ala. 1995). Under Alabama law, the requisite elements of a valid contract are: "[A]n offer and an acceptance, consideration, and mutual assent to terms essential to the formation of a contract." *Hunter v. Wilshire Credit Corp.*, 927 So. 2d 810, 813 (Ala. 2005). In the instant case, the document put forward by the government is a letter memorializing a telephone conversation regarding responsibilities of plaintiff during the remainder of his sentence. The government

3

makes no offer to plaintiff in this document. The details of plaintiff's remaining sentence are discussed, but no offer is made, and no offer is accepted. If the government's position is that release from prison is the offer, then the contract is unconscionable. Further, there is no consideration. There is nothing given up by the government or gained by plaintiff. Additionally, there was no mutual assent to the essential terms if the government now claims this letter is a release of liability for damages under a FTCA claim. The only evidence before the Court as to the intent or assent of the parties to this letter is the undisputed affidavit of the Plaintiff. Plaintiff understood this letter to be an acknowledgment of his personal responsibilities during the remainder of his sentence. Affidavit of John Coggin, paragraph 9. Furthermore, the letter does not purport to be a release, and there is no mention in the letter of any FTCA claim or even reference to the existence of any legal claims. Defendant Exhibit 5, BOP Central File at Bates No. 00637, Letter dated October 30, 2001. Even if this letter was considered a contract, it is not an effective release. However, it appears that neither party considered the letter to be a release of claims against the government. The letter speaks only to the time that plaintiff was serving his sentence, which expired April 2002. Furthermore, there is no evidence before the Court that establishes that the caseworker who signed this letter possessed the authority to bind the government to a release. "The United States cannot be bound to a settlement agreement where the agent of the United States who signed the agreement lacked the authority to enter into the

4

agreement." *Turner v. United States*, 875 F. Supp. 1430, 1436 (D. Nev. 1995). The letter sent by plaintiff to Rosetta Beasley, plaintiff's caseworker, is not a valid release under Alabama law; nor is the letter a valid release under federal common law, which would apply the same basic principles that govern any contract. As was the case in *Gess*, this Court " need not wrestle with the appropriate choice of law, because the fundamentals of release law, which require the application of general principles of contracts, are the same under federal and state authorities." *Gess*, 909 F. Supp. at 1446-47 (footnote omitted).

In conclusion , Plaintiff maintains that this "letter" is not a valid release under either state or federal common law that governs releases and contracts. It is at best an outline of what Coggin was to do while serving out the balance of his sentence while "incarcerated" in either the halfway house or home confinement. The letter speaks only to the time that the plaintiff was serving his sentence, which expired April 2002 and does not speak to future treatment of any sort once fully released from his sentence. It further is silent on any claim for any injuries sustained while an inmate or the release thereof. Thus, the government's motion for partial summary judgment on the issue of these specific damages is due to be denied.

Respectfully submitted,

_____
JULIA T. COCHRUN
Attorney for Plaintiff

5

OF COUNSEL:
PATE & COCHRUN, LLP
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
e-mail: filings@plc-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the ___25___ day of February, 2008, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, the CM/ECF system will send notification of such filing to the following:

Stephen M. Doyle, Esq.
Assistant U.S. Attorney
P. O. Box 197
Montgomery, AL 36101-0197

and I hereby certified that I have mailed the foregoing document by U.S. Mail, postage prepaid, to the following:

None

_____
OF COUNSEL