IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN COGGIN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) CIVIL ACTION NO.: **2:05-CV-1214-MEF** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

## UNITED STATES' SUPPLEMENTAL
## BRIEF CONCERNING RELEASE

COMES NOW defendant, the United States, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to ¶ 6 of the Court's Order dated February 12, 2008, files this supplemental brief concerning release of claims against the United States.

1. Plaintiff now concedes that 28 U.S.C. § 2672 does not apply to releases made before an FTCA administrative claim is filed. Pl's Supp. Br. at 1-2. Although the United States could not locate any cases directly on point, plaintiff and defendant are now in agreement on this point. Compare Pl's Brief in Opp. to SJ at 30-31; Def's SJ Reply Br. at 15.

2. Agreements releasing claims against the United States are ordinarily interpreted according to Federal law, not State law. *Dureiko v. United States*, 209 F.3d 1345, 1356 (Fed. Cir. 2000)(holding that "[w]e interpret the release according to federal

law"). However, pursuant to 28 U.S.C. § 1346 (b)(1), several Courts have applied State contract law when interpreting releases in FTCA cases. *See, e.g., Del Raso v. United States*, 244 F.3d 567, 570 (7th Cir. 2000)(applying North Carolina law to release executed at Ft. Bragg); *Branch v. United States*, 979 F.2d 948, 951 (2nd Cir. 1992)(holding that the legal effect of a release upon the Government's FTCA liability is to be determined by local law). The Eleventh Circuit has not decided whether Federal or State law controls releases in FTCA cases. *Gess v. United States*, 909 F. Supp. 1426, 1446-47 (M.D. Ala. 1995). However, as in *Gess*, Federal and State law lead to the same result in this case. *Id.* (holding that "[we] need not wrestle with the appropriate choice of law, because the fundamentals of release law, which require the application of general principles of contracts, are the same under federal and state authorities").

  3. "In general, a release will operate to discharge the government from all claims arising under the applicable agreement." *City of Gettysburg, S.D. v. United States*, 64 Fed. Cl. 429, 445 (Ct. of Fed. Cl. 2005). Under State or Federal law, "[a] release is interpreted according to well-settled principles of contract law, and the starting point is the plain language of the contract." *Henderson County Drainage Dist. v. United States*, 53 Fed. Cl. 48, 54 (Ct. of Fed. Cl. 2002). Under Alabama law, "[w]here no ambiguity exists, a court's only function is to interpret the meaning and intention of the parties as found within the four corners of the document. Parol evidence will not be admissible to explain unequivocal terms." *Minnifield v. Ashcraft*, 903 So.2d 818, 827 (Ala. Civ. App.

2004)(internal citation omitted)(interpreting tattoo parlor's release). The same principle prevails under Federal law. "In interpreting a release, the court must first ascertain whether the language bars the asserted claim. If the provisions are clear and unambiguous, they must be given their plain and ordinary meaning. The parol evidence rule forbids the admission of additional evidence when language . . . is complete and unambiguous." *City of Gettysburg, S.D.*, 64 Fed. Cl. at 446. (internal citations omitted). Moreover, ambiguous releases must be construed against the party who wrote them. *Minnifield*, 903 So.2d at 827 (*citing Jehle-Slauson Constr. Co. v. Hood-Rich Architects and Consulting Eng'rs*, 435 So.2d 716 (Ala. 1983).

    4.     Here, the document that plaintiff, an attorney, drafted and signed is clear and unambiguous. It unequivocally states that "I agree to be responsible for my future medical expenses that arise after my release from FPC Maxwell." Under Alabama and Federal law, the Court should reject plaintiff's attempt to introduce parole evidence to undermine the plain meaning of the document that he drafted. The Court should limit itself to the four corners of the unambiguous document. Although plaintiff now attempts to dismiss the document as a simple letter without legal effect, his use of the legal phrase "agreed to and witnessed" above the signature block shows that he intended the document to be enforced according to its terms. The Court should do so.

    5.     Finally, plaintiff argues that the contract that he drafted is now somehow unconscionable and that it is void because the BOP employee who signed it lacked

authority to bind the Government.  First, the contract involves three parties, plaintiff, BOP employee Rosetta Beasley, and Larry Spencer, the manager of the contract half-way-house.  The half-way-house could have refused to take plaintiff, and he would have had to serve his entire term in prison.  He received a substantial benefit by being transferred to the half-way-house and being allowed to go home during the day.  The fact of the matter is that he received these benefits whether Rosetta Beasley had authority or not.  He was released from prison to the half-way house on November 13, 2001, and allowed to go to his house during the day.  Def. Ex. 7, Coggin Dep. at p. 107, Ln. 11-24.  He was released from the half-way house in the first week of January 2002.  *Id.* at p. 108, Ln. 1-6.  Plaintiff knows that the Government cannot take back the benefits he received, so he now argues that the contract is void.  Plaintiff should be estopped from taking this position after accepting the benefit of the agreement he now claims is void.

WHEREFORE, the release plaintiff drafted and signed should be enforced according to its plain and unambiguous terms, and the United States should be granted summary judgment on plaintiff's economic damages claim.

Respectfully submitted this 29th day of February 2008.

                      LEURA G. CANARY
                      United States Attorney

By:   /s/Stephen M. Doyle
       STEPHEN M. DOYLE
       Chief, Civil Division
       Assistant United States Attorney
       Attorney for Defendant
       Post Office Box 197
       Montgomery, AL  36101-0197
       District of Columbia Bar No. 422474
       Telephone No.: (334) 223-7280
       Facsimile No.: (334) 223-7418
       **E-mail:  stephen.doyle@usdoj.gov**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 29, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff's attorney, Julia T. Cochrun, Esquire.

                      /s/Stephen M. Doyle
                      Assistant United States Attorney